GJR/da
00016-86201

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FELIPE F. VIVAR,

                      Plaintiff,

       -against-

CITY OF NEW YORK, ANGEL BUSSUE, JOHN DOE
HRA EMPLOYEE #1, JOHN DOE POLICE
OFFICERS #1-18, JOHN DOE SECURITY GUARDS
#1-4, JOHN DOE PARAMEDICS #1-2, NEW YORK
PRESBYTERIAN HOSPITAL, DINO DIAZ, VALERIE
SOTO, RIVAS SEARS, GRACIE SQUARE HOSPITAL
and DR. REBECCA KASTOPOULOUS,

                      Defendants.
------------------------------------------------------------------X

**MEMORANDUM OF LAW**

Civil Action No.:
18 CV 5987 (VSB)

**JURY TRIAL DEMANDED**

## MEMORANDUM OF LAW
## IN SUPPORT OF THE PRE-ANSWER MOTION TO DISMISS
## BY DEFENDANT THE NEW YORK AND PRESBYTERIAN HOSPITAL,
## s/h/a NEW YORK PRESBYTERIAN HOSPITAL

Of Counsel:   Gregory J. Radomisli (2670)

3507193

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

PRELIMINARY STATEMENT..........................................................................................1

PROCEDURAL HISTORY..................................................................................................1

PLAINTIFF'S AMENDED COMPLAINT.........................................................................2

**POINT I**

**PLAINTIFF'S §1983 CLAIMS MUST BE DISMISSED**

    A.    <u>The New York and Presbyterian Hospital is Not a State Actor</u>....................3

    B.    The New York and Presbyterian Hospital Cannot Be Subject
To Direct Liability Under 42 USC §1983............................................................4

    C.    The New York and Presbyterian Hospital Cannot be Held Vicariously Liable
for the Alleged Acts and/or Omissions of Anyone who Attended to the Plaintiff
While He Was at The New York and Presbyterian Hospital.........................5

        1.    The Doctrine of *Respondeat Superior* Does
Not Apply to §1983 Claims..................................................................5

        2.    Plaintiff Does Not Allege a *Monell* Violation................................6

**POINT II**

**THIS COURT SHOULD DECLINE TO EXERCISE
SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S
STATE-LAW CLAIMS AS TO NYPH**..........................................................................7

**POINT III**

**PLAINTIFF FAILS TO STATE A CLAIM UNDER STATE LAW**.....................9

**CONCLUSION**.................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abrams v. Terry*,
  45 F.3d 17 (2d Cir. 1995) ..................................................................................................8

*Achtman v. Kirby, McInerney & Squire, LLP*,
  464 F.3d 328 (2d Cir. 2006) ..............................................................................................8

*American Mfrs. Mut. Ins. Co. v. Sullivan*,
  526 U.S. 40 (1999) ............................................................................................................3

*Cerbelli v. City of New York*,
  600 F.Supp.2d 405 (E.D.N.Y. 2009) .................................................................................7

*Ciambriello v. County of Nassau*,
  292 F.3d 307 (2d Cir. 2002) ..........................................................................................3, 7

*Clarke v. Flushing Manor Care Ctr.*,
  2009 U.S.Dist. LEXIS 61410 (S.D.N.Y. July 17, 2009) ...................................................9

*Dilworth v. Goldberg*,
  914 F.Supp.2d 433 (S.D.N.Y. 2012) .................................................................................6

*Dove v. City of New York*,
  2005 U.S.Dist.LEXIS 22178 (S.D.N.Y. Sept. 28, 2005) ...............................................5, 6

*Dwares v. City of New York*,
  985 F.2d 94 (2d Cir. 1993) ................................................................................................6

*Eng v. Bellevue Hospital*,
  2014 U.S.Dist. LEXIS 160887 (S.D.N.Y. July 8, 2014) ................................................4, 5

*Flagg Bros., Inc. v. Brooks*,
  436 U.S. 149 (1978) ..........................................................................................................3

*Givens v. City of New York*,
  2012 U.S.Dist. LEXIS 2892 (S.D.N.Y. Jan. 10, 2012) ......................................................9

*Halebian v. Berv*,
  644 F.3d 122 (2d Cir. 2011) ..............................................................................................4

*Johnson v. Columbia University*,
  2003 U.S.Dist.LEXIS 20932 (S.D.N.Y. Apr. 25, 2003) ....................................................5

*Logan v. Matveevskii*,
   175 F.Supp.3d 209 (S.D.N.Y. 2016) ........................................................................................9

*Mejia v. Davis*,
   2018 U.S.Dist. LEXIS 3064 (S.D.N.Y. Jan. 7, 2018) ............................................................4, 5

*Monell v. Department of Social Services*,
   436 U.S. 658 (1978) ........................................................................................................1, 6, 7

*Pitchell v. Callan*,
   13 F.3d 545 (2d Cir. 1994) .......................................................................................................3

*Pizarro v. City of New York*,
   2015 U.S.Dist. LEXIS 131471 (E.D.N.Y. Sept. 29, 2015) .......................................................6

*Reynolds v. Darrah*,
   2011 U.S.Dist. LEXIS 113621 (S.D.N.Y. Sept. 30, 2011) .......................................................4

*Richardson v. Goord*,
   347 F.3d 431 (2d Cir. 2003) .....................................................................................................5

*Schoolcraft v. City of New York*,
   103 F.Supp.3d 465 (S.D.N.Y. 2015) .....................................................................................1, 5

*Swinton v. City of New York*,
   785 F.Supp.2d 3 (E.D.N.Y. 2011) ............................................................................................6

*Thomas v. City of New York*,
   2015 U.S.Dist.LEXIS 170607 (E.D.N.Y. Dec. 22, 2015) .........................................................7

*Thomas v. Roach*,
   165 F.3d 137 (2d Cir. 1999) .....................................................................................................3

*Veloz v. New York*,
   339 F.Supp.2d 505 (S.D.N.Y. 2004) ........................................................................................5

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted on behalf of defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL, s/h/a NEW YORK PRESBYTERIAN HOSPITAL, in support of its pre-Answer motion for an Order dismissing plaintiff's Amended Complaint pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, and for such other and further relief as this Court deems just and proper.

As discussed in greater detail below, plaintiff cannot maintain a cause of action for an alleged violation of his civil rights pursuant to 42 USC §1983 against THE NEW YORK AND PRESBYTERIAN HOSPITAL, s/h/a NEW YORK PRESBYTERIAN HOSPITAL because it is not a "person" that can be subject to §1983 claims. *See e.g. Schoolcraft v. City of New York*, 103 F.Supp.3d 465, 531 (S.D.N.Y. 2015). Secondly, plaintiff's Amended Complaint does not set forth any basis for liability of a private entity for the alleged constitutional violations of its employees under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Accordingly, it is respectfully requested that this Court dismiss plaintiff's Amended Complaint.

## PROCEDURAL HISTORY

Plaintiff filed an Amended Complaint on November 7, 2018 (Exhibit "A"). On January 2, 2019, defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL, s/h/a NEW YORK PRESBYTERIAN HOSPITAL ("NYPH") filed a Notice of Appearance ("Exhibit "B"). On January 3, 2019, this Court issued an Order granting NYPH's request to make a pre-Answer motion to dismiss plaintiff's Amended Complaint on or before February 15, 2019 (Exhibit "C").

3507193

## PLAINTIFF'S AMENDED COMPLAINT

The pertinent allegations as to THE NEW YORK AND PRESBYTERIAN HOSPITAL, s/h/a NEW YORK PRESBYTERIAN HOSPITAL asserted in the Amended Complaint (Exhibit "A") are as follows: Plaintiff alleges that on or about June 21, 2018, someone from the Selfhelp Community Services ("Selfhelp") called the police to go to plaintiff's apartment and escort him to the hospital (Exhibit "A", ¶9). At approximately 10:00 a.m., the police entered plaintiff's apartment without his permission (Exhibit "A", ¶11), and told him they were going to take him to a hospital for an evaluation to determine if he was an imminent danger to himself or others (Exhibit "A", ¶14). The police took the plaintiff to the NYPH Emergency Department (Exhibit "A", ¶15).

According to the Amended Complaint, the plaintiff was allegedly searched and, after having waited several hours, was subsequently evaluated by a physician (Exhibit "A", ¶18-19). The plaintiff also spoke to some nurses, who allegedly told the plaintiff that he needed to "take pills" to be released from the hospital (Exhibit "A", ¶19). He also claims that he was not treated for his breathing problems (*Id.*). He was discharged on June 22, 2018 (Exhibit "A", ¶20).

On or about August 3, 2018, codefendant DINO DIAZ knocked on plaintiff's door, and entered his apartment (Exhibit "A", ¶28). The plaintiff believed that DINO DIAZ was harassing him, so he called the police (*Id.*). When the police arrived, they allegedly entered the plaintiff's apartment without his permission, and involuntarily placed him in an ambulance to go to the hospital (Exhibit "A", ¶29-31). The police brought him to NYPH (Exhibit "A", ¶33).

According to the Amended Complaint, the plaintiff requested to have his inhaler, but the request was denied (Exhibit "A", ¶33). He was then searched, and transferred to

codefendant GRACIE SQUARE HOSPITAL (Exhibit "A", ¶33), where he remained involuntarily hospitalized for 10 days (Exhibit "A", ¶35).

The plaintiff brings this action pursuant to 42 USC §1983 alleging violations of his 1st, 4th and 14th Amendment rights (Exhibit "A", p. 2). He also alleges unspecified "pendent state claims" (*Id.*).

## POINT I

## PLAINTIFF'S §1983 CLAIMS MUST BE DISMISSED

A.  The New York and Presbyterian Hospital is Not a State Actor

Section 1983 does not create substantive rights, but provides a "procedure of redress for the deprivation of rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). In order to succeed on a cause of action under §1983, a plaintiff must prove 1) that the defendant was acting under color of state law and 2) that such conduct deprived the plaintiff of a right, privilege or immunity guaranteed by the federal constitution or federal law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729 (1978); *see also Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Because the U.S. Constitution does not regulate private parties, a plaintiff claiming his constitutional rights have been violated must first establish that the challenged conduct constitutes state action. *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002). To state a claim under §1983, then, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law. *Id.* An act that is not performed under color of law (i.e., merely private conduct) is not a violation of §1983 "no matter how discriminatory or wrongful" the act may be. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977 (1999).

Although the Amended Complaint is silent as to corporate NYPH's status, defendant filed a Rule 7.1(a) Disclosure Statement indicating that NYPH is a private entity (Exhibit "C"). This Court has "complete discretion" to consider this Disclosure Statement on a 12(b)(6) motion, even though it was not part of the Amended Complaint. *See Halebian v. Berv*, 644 F.3d 122, 131 n.7 (2d Cir. 2011). Furthermore, other Courts have recognized that NYPH is not a public institution. *See e.g. Mejia v. Davis*, 2018 U.S.Dist. LEXIS 3064 (S.D.N.Y. Jan. 7, 2018).

Because plaintiff does not—and cannot—allege that NYPH and its employees are state actors or acted under color of state law, plaintiff cannot maintain a claim against NYPH for a constitutional violation. As such, it is respectfully submitted that this Court must dismiss plaintiff's Amended Complaint.

    B.    The New York and Presbyterian Hospital Cannot Be Subject To Direct Liability Under 42 USC §1983

Section 1983 of Title 42 of the United States Code provides, in relevant part: "Every person who, under color of any statute. . .subjects or causes to be subjected, any citizen of the United States. . . to the deprivation of any rights. . . secured by the Constitution and laws, shall be liable to the party injured." 42 USC §1983. Thus, a §1983 action can only be maintained against a "person" who has deprived another of his or her constitutional rights. *See e.g. Reynolds v. Darrah*, 2011 U.S.Dist. LEXIS 113621 (S.D.N.Y. Sept. 30, 2011). As the Court noted in *Reynolds*, "Jails, courts, corporations and law firms are not 'persons' within the meaning of §1983." 2011 U.S.Dist. LEXIS 113621 at *3. In *Eng v. Bellevue Hospital*, 2014 U.S.Dist. LEXIS 160887 (S.D.N.Y. July 8, 2014), this Court dismissed plaintiff's claims against Bellevue Hospital because it found that "a hospital is not a 'person' under 42 U.S.C.

§1983." 2014 U.S.Dist. LEXIS 160887 at *12; *see also Schoolcraft v. City of New York*, 103 F.Supp.3d 465, 531 (S.D.N.Y. 2015) (Holding that direct claims against the defendant hospital under §1983 fail as a matter of law); *Mejia v. Davis*, 2018 U.S.Dist. LEXIS 3064, *13 (S.D.N.Y. Jan. 7, 2018) (Dismissing §1983 claims against The New York and Presbyterian Hospital, finding it was not a "person" under §1983).

Accordingly, NYPH is not a "person" who can be subject to direct liability under 42 USC §1983. Therefore, any direct claims in the Amended Complaint that plaintiff purportedly asserts against NYPH should be dismissed.

    C.    The New York and Presbyterian Hospital Cannot be Held Vicariously Liable for the Alleged Acts and/or Omissions of Anyone who Attended to the Plaintiff While He Was at The New York and Presbyterian Hospital

The plaintiff does not allege that the physicians, nurses, paramedics or security guards who interacted with the plaintiff at NYPH on June 21, 2018-June 22, 2018 or on August 3, 2018 were NYPH employees. For the purposes of this argument only, NYPH assumes that they were.

    1.    The Doctrine of *Respondeat Superior* Does Not Apply to §1983 Claims

It is well-settled law that the doctrine of *respondeat superior* is inapplicable to §1983 claims. *See Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Veloz v. New York*, 339 F.Supp.2d 505, 519 (S.D.N.Y. 2004); *Johnson v. Columbia University*, 2003 U.S.Dist.LEXIS 20932 at *7 (S.D.N.Y. Apr. 25, 2003) (a private employer will not be liable for the constitutional torts of its employees under the doctrine of *respondeat superior* in actions brought pursuant to 42 USC 1983). In *Dove v. City of New York*, 2005 U.S.Dist.LEXIS 22178 (S.D.N.Y. Sept. 28, 2005), the plaintiff claimed that his civil rights were violated when he was

involuntarily hospitalized under the Mental Hygiene Law. Plaintiff alleged that various private entities conspired with the personnel at various state hospitals to have him committed as "punishment" for his having filed a complaint against one of the defendants. *Dove* at *4. The defendants moved to dismiss the case. The Court stated that it is "established that liability under Section 1983 may not be predicated on a theory of *respondeat superior* or vicarious liability." *Dove* at *8 (*citing Dove v. Fordham University*, 56 F.Supp.2d 330, 336 (S.D.N.Y. 1999)), *aff'd sub nom. Dove v. O'Hare*, 210 F.3d 354 (2d Cir. 2000). Because the doctrine of *respondeat superior* does not apply, plaintiff's Amended Complaint does not state a claim against NYPH as a result of the alleged constitutional violations committed by any of the "John Doe" defendants.

2. Plaintiff Does Not Allege a *Monell* Violation

As discussed above, NYPH is a private entity. Private employers are not vicariously liable under §1983 for the constitutional torts of their employees "absent allegations of conduct pursuant to an official policy." *Dilworth v. Goldberg*, 914 F.Supp.2d 433, 452 (S.D.N.Y. 2012); *see Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978). Conclusory allegations that a policy, practice or custom exists are not sufficient to survive a 12(b)(6) motion. *See Pizarro v. City of New York*, 2015 U.S.Dist. LEXIS 131471 (E.D.N.Y. Sept. 29, 2015). A plaintiff must allege facts from which the court can infer the existence of a policy or custom. *Id.*; *Swinton v. City of New York*, 785 F.Supp.2d 3, 10 (E.D.N.Y. 2011) (to state a §1983 claim, plaintiffs must provide more than conclusory allegations; they must add specific factual support to show the existence of a pattern); *see also Dwares v. City of New York*, 985 F.2d 94 (2d Cir. 1993).

A "policy" exists if there is a written directive or regulation, or an act by an employee

with policymaking authority. *See Cerbelli v. City of New York*, 600 F.Supp.2d 405, 410 (E.D.N.Y. 2009). A "custom" exists if the practice is so widespread and permanent as to have the force of law. *Id.* The "policy or custom" requirement "is intended simply to distinguish acts of the municipality from acts of its employees, in order that municipal liability be limited to conduct for which the municipality is actually responsible." *See Id.* (*citing Anthony v. City of New York*, 339 F.3d 129, 139 (2d Cir. 2003)). A single incident is insufficient to raise an inference of the existence of a custom, policy or practice. *Thomas v. City of New York*, 2015 U.S.Dist.LEXIS 170607, *5 (E.D.N.Y. Dec. 22, 2015) (*citing, Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985)).

Based upon the foregoing, the allegations in plaintiff's Amended Complaint are insufficient to state a claim. There is no allegation that anyone promulgated a written, official policy of any sort. Nor does plaintiff provide a factual basis from which this Court could infer that NYPH had any type of practice to violate the constitution that could be considered "so widespread and permanent as to have the force of law." *See Cerebelli, supra*, at 410. There are also no allegations suggesting that any of the actions taken against him were by a final policy maker. *See Monell*, 435 U.S. at 690-91. Therefore, plaintiff cannot state a claim against NYPH under *Monell*.

## POINT II

### THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE-LAW CLAIMS AS TO NYPH

On p. 2 of the Amended Complaint (Exhibit "A"), plaintiff asserts unspecified "pendant state claims" as causes of action. A district court may not decline to exercise jurisdiction over state law claims where federal claims remain against other defendants, and the state law claims "form part of the same case or controversy." *Ciambriello v. County of Nassau*, 292 F.3d 307,

325 (2d Cir. 2001). The question this Court must decide, then, is whether the state law claims against NYPH, and the federal claims against the other defendants, "derive from a common nucleus of operative fact" and are thus part of the "same case or controversy." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006). A state law claim forms part of the same case or controversy as a federal claim if the claims "are such that one would ordinarily expect them to be tried in one judicial proceeding." *Abrams v. Terry*, 45 F.3d 17, 23 n.7 (2d Cir. 1995) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)).

Plaintiff's federal claims against the City of New York (and any other codefendants) and the state claims against NYPH are separate and distinct. With respect to the June 2018 incident, plaintiff's federal claims against the codefendants are all premised on conduct that was allegedly taken against the plaintiff before he presented to NYPH on 6/21/18 (Exhibit "A", ¶4-15). Once he was brought to the NYPH Emergency Department and was placed in a room, "JOHN DOE POLICE OFFICERS #1-2 **left**" the room (Exhibit "A", ¶18) (emphasis added). Plaintiff's complaints of having been searched, having been retained in the hospital for a day, having been told to "take pills," and having been deprived of medical attention for his breathing problems, all arise <u>after</u> the City of New York was involved. Thus, any claim against NYPH sounding in, for example, false imprisonment or medical malpractice, begins and ends with the time the plaintiff presented to and was released from the hospital, and outside the presence of anyone affiliated with the City of New York. In other words, the facts surrounding the federal claim pertain to events that transpired before the plaintiff was brought to NYPH, and the facts surrounding any potential state claim pertain to events that transpired after he was brought to NYPH. A trial could be held against NYPH based upon the limited encounter the plaintiff had at NYPH without any need for the claims against the City to be tried at the same time. Thus,

none of the facts pertaining to his claims against the City overlap with his potential claims against NYPH. As such, this Court should decline to exercise supplemental jurisdiction over plaintiff's state-law claims.

Similarly, with respect to the August 2018 incident, any federal claims that the plaintiff may have against the codefendants are not related to any claims the plaintiff may have regarding his presentation to NYPH on 8/3/18. According to the Amended Complaint, the plaintiff was placed in a room, interacted with security guards and a nurse, and then transferred to Gracie Square Hospital (Exhibit "A", ¶33). He did not have any interaction with the police after he was brought to NYPH. Any allegations against NYPH that may be related to the events of 8/3/18 can be taken in isolation from plaintiff's claims against the codefendants, and therefore the facts underlying the federal and state claims do not substantially overlap. As such, this Court should decline to exercise supplemental jurisdiction over plaintiff's state-law claims.

## POINT III

### PLAINTIFF FAILS TO STATE A CLAIM UNDER STATE LAW

If this Court decides to exercise supplemental jurisdiction over plaintiff's pendent state-law claims, it should dismiss them.

On p. 2 of the Amended Complaint (Exhibit "A"), plaintiff asserts unspecified "pendant state claims" as causes of action. Plaintiff does not specify the specific causes of action asserted, and none can be inferred as to NYPH itself. In the absence of specific allegations of misconduct against a particular defendant, plaintiff fails to state a cause of action upon which relief may be granted as to that defendant. *See Logan v. Matveevskii*, 175 F.Supp.3d 209, n.2 (S.D.N.Y. 2016); *Givens v. City of New York*, 2012 U.S.Dist. LEXIS 2892 (S.D.N.Y. Jan. 10, 2012); *Clarke v. Flushing Manor Care Ctr.*, 2009 U.S.Dist. LEXIS 61410, *1-2, n.1 (S.D.N.Y.

July 17, 2009) (dismissing a named defendant when the complaint did not make any allegations about how that defendant was liable to the plaintiff). Accordingly, this Court should dismiss plaintiff's Amended Complaint in its entirety because it is not clear what NYPH is alleged to have done wrong, or for whom it is allegedly responsible.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant defendant's motion and dismiss the Amended Complaint as to THE NEW YORK AND PRESBYTERIAN HOSPITAL, s/h/a NEW YORK PRESBYTERIAN HOSPITAL in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
       February 15, 2019

Respectfully submitted,.

MARTIN CLEARWATER & BELL LLP

By: _____
    Gregory J. Radomisli (GJR 2670)
Attorneys for Defendant
THE NEW YORK AND PRESBYTERIAN
HOSPITAL, s/h/a NEW YORK
PRESBYTERIAN/COLUMBIA MEDICAL
CENTER
220 East 42nd Street
New York, NY 10017
(212) 697-3122
