UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FELIPE F. VIVAR,                                                              18-cv-05987 (VSB)

                              Plaintiff,

      -against-

CITY OF NEW YORK, ANGEL BUSSUE,
JOHN DOE HRA EMPLOYEE #1, JOHN
DOE POLICE OFFICERS #1-18, HUMAN
RESOURCES ADMINISTRATION, JOHN
DOE SECURITY GUARDS #1-4, JOHN
DOE PARAMEDICS #1-2;,NEW YORK
PRESBYTERIAN HOSPITAL, DINO
DIAZ, VALERIE SOTO, RIVAS SEARS,
SELFHELP COMMUNITY SERVICES,
NEW YORK-PRESBYTERIAN HOSPITAL-
GRACIE SQUARE HOSPITAL, DR.
REBECCA KASTOPOULOUS, JOHN DOE
GRACUE SQUARE NURSE #1,

                              Defendants.
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

**OF COUNSEL:**

Vincent L. Gallo, Esq. (VLG 6471)
Attorneys for Defendants
NEW YORK GRACIE SQUARE
HOSPITAL, INC. s/h/a "NEW YORK
PRESBYTERIAN HOSPITAL: GRACIE
SQUARE HOSPITAL" and REBECCA
KOSTOPOULOS s/h/a "DR. REBECCA
KASTOPOULOUS"
99 Park Avenue
New York, New York 10016
(T) (212) 286-8585
(F) (212) 490-8966
Email: vgallo@hpmb.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND .............................................................................................................................2

    A.   Procedural History ............................................................................................................2

    B.   Factual Allegations in the Amended Complaint ..............................................................2

    C.   Legal Claims in the Amended Complaint .......................................................................3

STANDARDS OF REVIEW ..........................................................................................................4

ARGUMENT ..................................................................................................................................4

POINT I ..........................................................................................................................................4

PLAINTIFF'S SECTION 1983 CLAIMS MUST BE DISMISSED .............................................4

    A.   The Section 1983 claims against Gracie Square and Ms. Kostopoulos must be
          dismissed because they were not state actors ..................................................................4

    B.   Even if it were a state actor, Gracie Square cannot be subject to direct liability
          under 42 U.S.C. § 1983, it is not vicariously liable for the acts of Ms. Kostopoulos or
          John Doe Gracie Square Nurse #1, and it is not subject to liability under *Monell* .....8

POINT II .........................................................................................................................................9

THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION
OVER PLAINTIFF'S STATE LAW CLAIMS .............................................................................9

CONCLUSION ..............................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Amid v. Chase*, 720 Fed. Appx. 6 (2d Cir. 2017) .................................................................................7

*Amofa v. Bronx-Lebanon Hosp. Ctr.*,
   2006 U.S. Dist. LEXIS 83199, 2006 WL 3316278 (S.D.N.Y. Nov. 13, 2006) ..........................5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...............................................................................................4

*Bd. of Cty. Comm'rs of Bryan Cty.*, 520 U.S. 397 (1997) ...................................................................9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..............................................................................4

*Bender v. City of New York*,
   2011 U.S. Dist. LEXIS 103947, 2011 WL 4344203 (S.D.N.Y. Sept. 14, 2011) ........................9

*Coppola v. Health Alliance Hosp. Broadway Campus*,
   2019 U.S. Dist. LEXIS 8346 (N.D.N.Y. Jan. 17, 2019) .............................................................7

*Dove v. City of New York*,
   2005 U.S. Dist. LEXIS 22178, 2005 WL 2387587 (E.D.N.Y. Sept. 28, 2005) ..........................8

*Eng v. Bellevue Hosp.*, 2014 U.S. Dist. LEXIS 160887 (S.D.N.Y. Jul. 8, 2014) ...............................8

*Eyeghe v. Thierry*,
   2014 U.S. Dist. LEXIS 147071, 2014 WL 5242605 (S.D.N.Y. Oct. 15, 2014) .........................9

*Fabrikant v. French*, 691 F.3d 193 (2d Cir. 2012) ............................................................................5

*In re Elevator Antitrust Litig.*, 502 F.3d 47 (2d Cir. 2007) ..............................................................4

*Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218 (S.D.N.Y. 2010) ..........................................4

*Kulak v. City of New York*, 88 F.3d 63 (2d Cir. 1996) ......................................................................5

*McGugan v. Aldana-Bernier*, 752 F.3d 224 (2d Cir. 2014) ...................................................1, 5, 6, 7

*Mejia v. Davis*, 2018 U.S. Dist. LEXIS 3064, 2018 WL 333829 (S.D.N.Y. Jan. 8, 2018) ..............9

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) ..................................................................1, 8, 9

*Ozawa v. Orsini Design Assocs., Inc.*,
   2015 U.S. Dist. LEXIS 29933, 2015 WL 1055902 (S.D.N.Y. Mar. 11, 2015) ........................10

*Pitchell v. Callan*, 13 F.3d 545 (2d Cir. 1994) ..................................................................................5

*Rendell-Baker v. Kohn*, 457 U.S. 830 (1982) .....................................................................................5

*Sawabini v. McGrath*,
  2017 U.S. Dist. LEXIS 137896, 2017 WL 3727370 (N.D.N.Y. Aug. 28, 2017) ......................... 8

*Schoolcraft v. City of New York*, 103 F. Supp. 3d 465 (S.D.N.Y. 2015) ............................................ 8

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471 (2d Cir. 2006) ................................................. 4

**Statutes**

§ 504 of the Rehabilitation Act .......................................................................................................... 6

29 U.S.C. § 794 .................................................................................................................................. 6

42 U.S.C. § 1983 ........................................................................................................................ passim

Federal Rules of Civil Procedure 12(b)(6) ........................................................................................ 1

New York Mental Hygiene Law § 9.39 ............................................................................................. 6

Defendants New York Gracie Square Hospital, Inc. ("Gracie Square") s/h/a "New York Presbyterian Hospital: Gracie Square Hospital" and Rebecca Kostopoulos s/h/a "Dr. Rebecca Kastopoulous" (collectively "Moving Defendants") respectfully submit this Memorandum of Law in support of their motion to dismiss Plaintiff's Amended Complaint under Federal Rules of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff Felipe Vivar alleges that he was involuntarily confined at Gracie Square, a private psychiatric hospital, from August 4, 2018 until August 15, 2018. He claims that during this admission, Ms. Kostopoulos medicated him without his consent and failed to perform an independent evaluation. Plaintiff appearing *pro se*, commenced this action under 42 U.S.C. § 1983 against Gracie Square, Ms. Kostopoulos, and numerous other defendants. Plaintiff also asserts exceedingly vague "pendent state claims."

The Amended Complaint against Gracie Square and Ms. Kostopoulos should be dismissed with prejudice. "To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014). Plaintiff has not provided any facts suggesting that either Gracie Square or Ms. Kostopoulos acted under color of state law for purposes of liability under § 1983. Furthermore, Gracie Square is not a "person" subject to § 1983 liability, it cannot be held vicariously liable for the acts of its employees pursuant to § 1983, and the Amended Complaint does not allege any facts suggesting that Gracie Square had a policy or custom that led to the alleged constitutional violations as required under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Finally, this Court should dismiss Plaintiff's "pendent state claims"

1

because they lack specific allegations upon which this Court could determine whether supplemental jurisdiction should be exercised.

For these reasons, and as set forth in greater detail below, the Moving Defendants respectfully request that the Court grant their motion to dismiss in its entirety and with prejudice.

## BACKGROUND

### A.   Procedural History

Plaintiff filed a complaint on July 2, 2018 against the New York City Police Department ("NYPD"), New York Presbyterian Hospital Human Resources, and Self Help Community Services ("Selfhelp"). (ECF Doc. No. 2.) In an Order to Amend dated August 3, 2018, Judge Colleen McMahon dismissed the complaint but granted Plaintiff leave to file an amended complaint. (ECF Doc. No. 4.) Plaintiff filed the Amended Complaint on November 7, 2018 against the City of New York, Angel Bussue, John Doe HRA Employee #1, John Doe Police Officers #1-18, John Doe Security Guards #1-4, John Doe Paramedics #1-2, New York-Presbyterian Hospital ("NYPH"), Dino Diaz, Valerie Soto, Rivas Sears, John Doe HRA Employee #1, Selfhelp, Human Resources Administration, Gracie Square, Ms. Kastopoulous, and John Doe Gracie Square Nurse #1. A copy of the Amended Complaint, which is the operative complaint, is annexed as Exhibit A to the Declaration of Vincent L. Gallo.

### B.   Factual Allegations in the Amended Complaint

The following facts are drawn from the Amended Complaint. Plaintiff suffers from various medical conditions, including an anxiety disorder and unspecified intellectual disabilities. (Am. Compl. 10, ¶ 3.) He engaged the services of Selfhelp, a not-for-profit home care program that assists individuals and helps them to live independently. (*Id.* 10, ¶ 4.) Plaintiff alleges that in May and June 2018, Selfhelp employees made unwelcomed visits to his

apartment. (*Id.* 10-11, ¶¶ 6-9.) On June 2, 2018, the Selfhelp employees purportedly called the police who brought him to NYPH where he was involuntarily confined for one day. (*Id.* 12-15, ¶¶ 12-22.)

After he was released from NYPH, Plaintiff lodged numerous complaints. (Am. Compl. 15-16, ¶¶ 24-28.) On August 3, 2018, the Selfhelp employees once again contacted police officers who forcibly removed Plaintiff from his apartment and brought him to NYPH for a second time. (*Id.*17-19, ¶¶ 29-33.) He was subsequently transferred to Gracie Square by NYPH security guards that same day. (*Id.* 18-19, ¶ 33.)

According to the claims in the Amended Complaint, Plaintiff was involuntarily confined at Gracie Square from August 4, 2018 through August 15, 2018.[1] (Am. Compl. 19, ¶ 35.) He alleges that Ms. Kostopoulos ordered that he be forcibly medicated and did not perform an independent medical evaluation. (*Id.* 19, ¶ 36.) He also claims that during his admission, John Doe Gracie Square Nurse #1 would force him to take his medications and that he received at least five injections. Although the medication made him groggy, his requests for medical attention were purportedly denied. (*Id.* 19-20, ¶¶ 37-40.) Plaintiff was released from Gracie Square to his own care, with prescriptions, on August 14, 2018. (*Id.* 21, ¶ 42.) According to Plaintiff, at no point during his admission to Gracie Square did he threaten or engage in self-harm or threaten others. (*Id.* 21, ¶¶ 43-45.)

## C.    **Legal Claims in the Amended Complaint**

Plaintiff alleges violations of 42 U.S.C. § 1983 under the First, Fourth, and Fourteenth Amendments to the United States Constitution and unspecified "pendent state claims." (Am. Compl. 2.)

---

[1] Plaintiff alleges that he was hospitalized from August 4, 2018 through August 15, 2018, but also asserts that he was discharged on August 14, 2018.

3

## STANDARDS OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [a plaintiff's] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007)(per curiam)(quoting *Twombly*, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In cases where, as here, the plaintiff is *pro se*, a court is obligated to interpret the claims as raising the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). The obligation to be lenient while reading a plaintiff's pleadings is particularly important in cases where the plaintiff alleges that his civil rights were violated. *See Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010). Nevertheless, "even *pro se* plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Id.* at 224.

## ARGUMENT

### POINT I

### PLAINTIFF'S SECTION 1983 CLAIMS MUST BE DISMISSED

A.   **The Section 1983 claims against Gracie Square and Ms. Kostopoulos must be dismissed because they were not state actors.**

4

To assert a colorable claim under 42 U.S.C. § 1983, a plaintiff must allege two things: "(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)(internal citation omitted).

Plaintiff fails to allege an essential element of his § 1983 claim -- that the Moving Defendants acted under color of state law. First, the Second Circuit has specifically acknowledged that Gracie Square is a private hospital, *see Kulak v. City of New York*, 88 F.3d 63 (2d Cir. 1996)(noting that Gracie Square Hospital is a private inpatient facility), and Plaintiff does not assert that Ms. Kostopoulos, who was working at Gracie Square during the events in question, was a state actor. Therefore, the facts as alleged indicate that both Gracie Square and Ms. Kostopoulos were private actors when they cared for Plaintiff. *See Amofa v. Bronx-Lebanon Hosp. Ctr.*, 2006 U.S. Dist. LEXIS 83199, 2006 WL 3316278, at *4 (S.D.N.Y. Nov. 13, 2006)(plaintiff's Section 1983 claim was dismissed against hospital defendant because hospitals are not generally state actors).

Furthermore, to establish that a private actor was acting under color of state law, a plaintiff must show that: (1) she was subjected to the coercive power of the state or otherwise controlled by the state; (2) the private actor's conduct occurred in "joint action" or "close nexus" with the state; or (3) the private actor was performing a public function traditionally and exclusively exercised by the state. *See McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012)(quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

5

The Amended Complaint does not include any facts suggesting that the Moving Defendants' actions were controlled by the state, their conduct occurred in "joint action" or close nexus" with the state, or that they were performing a public function that is traditionally controlled by the state. Thus, there is no basis for finding that the Moving Defendants' actions are "fairly attributable" to the state.

*McGugan, supra*, is instructive. In that action, the Second Circuit considered whether the forcible hospitalization of a patient by private health care providers can fairly be attributed to the state and ultimately determined there was no state action. In that case, the plaintiff was taken into custody by three police officers after her flight landed at JFK Airport. She was brought to Jamaica Hospital Medical Center ("JHMC"), a private hospital that received federal funding and was licensed by the New York State Office of Mental Health ("OMH") to provide psychiatric services. At JHMC, the plaintiff was determined to be a danger to others, given sedatives, and restrained in a hospital bed. After a psychiatric evaluation, she was involuntarily admitted to JHMC under New York Mental Hygiene Law § 9.39 and remained confined for six days.

In asserting claims under 42 U.S.C. § 1983, § 504 of the Rehabilitation Act, 29 U.S.C. § 794, and for negligence under state law, plaintiff alleged that had any of the defendants performed their duties properly, they would have realized that she was never a danger to herself or others and that she should never have been certified for forcible sedation or involuntary hospitalization. *Id.* at 227. The Second Circuit noted that the state endowed defendants with the authority to involuntarily hospitalize (and medicate) the plaintiff, but it did not compel them to do so. It further recognized that while the defendants operated in a highly regulated context, the nexus between their challenged conduct and the state was insufficiently close for the conduct to

qualify as state action. Finally, the Court observed that the conduct was not traditionally within the exclusive prerogative of the state. *Id.* at 229-30.

In *Amid v. Chase*, 720 Fed. Appx. 6, 11 (2d Cir. 2017), the police transported the plaintiff to Glen Cove Hospital ("GCH") where she was involuntarily confined under the New York Mental Hygiene Law for three days. The plaintiff alleged that there was a "close nexus" between the State and GCH because hospital staff detained her only because the police officers had instructed them to do so. The Second Circuit rejected this argument and affirmed the District Court's decision granting GCH's motion to dismiss.

> Thus, Amid's complaint "does not allege that the state actors requested, much less compelled [Glen Cove] or its staff to involuntarily hospitalize her. Nor can we discern any other reason why the conduct of private actors should become attributable to the state merely because it follows in time the conduct of state actors." *McGugan*, 752 F.3d at 230. In short, *McGugan* directly forecloses Amid's attempt to argue that Glen Cove was a "state actor" for purposes of § 1983, and the district court correctly dismissed this claim. *Amid* at *10.

Similarly here, Plaintiff does not allege in his broad and conclusory complaint that any of the exceptions to the general rule that a private hospital and private individuals are not liable as state actors under a § 1983 claim apply. In fact, he concedes he was brought to Gracie Square by security guards employed by NYPH, not by police officers. Accordingly, the Section 1983 claims against Gracie Square and Ms. Kostopoulos must be dismissed because Plaintiff does not plead that the State compelled the Moving Defendants' actions, does not allege facts to indicate a sufficiently close nexus between the State of New York and the Moving Defendants' actions, or allege that "the state was intimately involved" in the decision to involuntarily confine him despite the alleged lack of any basis for doing so. *See Coppola v. Health Alliance Hosp. Broadway Campus*, 2019 U.S. Dist. LEXIS 8346, at *35 (N.D.N.Y. Jan. 17, 2019)(§ 1983 claims against private hospital and its employee psychiatrist dismissed because

7

there was no basis for finding state action); *Sawabini v. McGrath*, 2017 U.S. Dist. LEXIS 137896, 2017 WL 3727370, at *8 (N.D.N.Y. Aug. 28, 2017)(motion on the pleadings by three private individuals granted where plaintiff failed to offer proof that private individuals acted under color of state law).

**B.   Even if it were a state actor, Gracie Square cannot be subject to direct liability under 42 U.S.C. § 1983, it is not vicariously liable for the acts of Ms. Kostopoulos or John Doe Gracie Square Nurse #1, and it is not subject to liability under *Monell*.**

Plaintiff's § 1983 claims against Gracie Square also fail because a hospital is not generally considered to be a "person" under Section 1983. *See Schoolcraft v. City of New York*, 103 F. Supp. 3d 465, 531 (S.D.N.Y. 2015)("[A] hospital is generally not a 'person' for the purposes of § 1983."); *Eng v. Bellevue Hosp.*, 2014 U.S. Dist. LEXIS 160887, at *12 (S.D.N.Y. Jul. 8, 2014)(dismissing claims against Bellevue Hospital "because a hospital is not a 'person' under 42 U.S.C. § 1983").

Moreover, Gracie Square cannot be held vicariously liable for the acts of Ms. Kostopoulos or John Doe Gracie Square Nurse #1 (assuming for the purposes of this motion that these individuals are employed by Gracie Square) because it is well settled that the doctrine of respondeat superior does not apply to claims arising under § 1983. *See Dove v. City of New York*, 2005 U.S. Dist. LEXIS 22178, 2005 WL 2387587, at *4 (E.D.N.Y. Sept. 28, 2005)("liability under Section 1983 may not be predicated on a theory of respondeat superior or vicarious liability").

Finally, if the Amended Complaint is broadly construed as alleging that Gracie Square is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) for the individual defendants' constitutional violations, that claim must also fail. To hold a municipality liable under 42 U.S.C. § 1983, a plaintiff must plead facts to support a plausible inference that

8

the constitutional violation he or she suffered was caused by a municipal policy or custom. *See Monell*, 436 U.S. at 694 (1978). A plaintiff must both "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury" and "demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Cty. Comm'rs of Bryan Cty.*, 520 U.S. 397, 403-04 (1997). Plaintiff's claims against Gracie Square cannot survive dismissal because the Amended Complaint does not suggest that Gracie Square had a policy or custom that led to any of the alleged constitutional violations. *See Mejia v. Davis*, 2018 U.S. Dist. LEXIS 3064, 2018 WL 333829, at *6-7 (S.D.N.Y. Jan. 8, 2018)(§ 1983 claims against NYPH dismissed where plaintiff failed to plead that a NYPH policy or custom led to the alleged § 1983 violation).

## POINT II

### THIS COURT SHOULD DECLINE TO EXCERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

Plaintiff vaguely alleges on page two of the Amended Complaint that he has other "pendent state claims." (Am. Compl. 2.) In the event all federal claims are dismissed in this action, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Eyeghe v. Thierry*, 2014 U.S. Dist. LEXIS 147071, 2014 WL 5242605 at *2 (S.D.N.Y. Oct. 15, 2014)(Supreme Court and the Second Circuit have held, as a general rule, "when the federal claims are dismissed the 'state claims should be dismissed as well.'")(internal citations omitted).

Even if some federal claims do remain at the close of motion practice, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims against the Moving Defendant because Plaintiff does not describe the basis for these claims in any detail. *See Bender v. City of New York*, 2011 U.S. Dist. LEXIS 103947, 2011 WL 4344203, at *1

(S.D.N.Y. Sept. 14, 2011)(where Plaintiff's state law claims were particularly confusing and vague as to which events form a basis for which cause of action, Court "cannot find any of Plaintiff's claims to properly fall under our supplemental jurisdiction").

Finally, in the event the remaining federal claims are Plaintiff's claims against the City of New York or its employees, his constitutional claims against these defendants do not overlap with any state law claims that Plaintiff could potentially assert against Gracie Square or Ms. Kostopoulos. Indeed, Plaintiff was allegedly transferred to Gracie Square by security officers from NYPH, not by the NYPD and neither the City of New York nor its employees had any involvement with Plaintiff's confinement at Gracie Square. Under these circumstances, there would be no "common nucleus of fact" to support supplemental jurisdiction. *See Ozawa v. Orsini Design Assocs., Inc.*, 2015 U.S. Dist. LEXIS 29933, 2015 WL 1055902, at *12 (S.D.N.Y. Mar. 11, 2015)("Because there is little beyond the employment relationship that joins the state law counterclaim with Ozawa's overtime claims, the Court concludes that it lacks jurisdiction over Defendants' state law counterclaim.").

## CONCLUSION

For the reasons set forth above, this Court should grant the Moving Defendants' motion to dismiss in its entirety and with prejudice and grant any other such relief as deemed just and proper.

Dated: New York, New York
      February 25, 2019

                              Respectfully Submitted,

                              HEIDELL, PITTONI, MURPHY & BACH, LLP

                              By: _____
                                   Vincent L. Gallo, Esq. (VLG 6471)
                                   Attorneys for Defendants

                                    NEW YORK GRACIE SQUARE
HOSPITAL, INC. s/h/a "NEW YORK
PRESBYTERIAN HOSPITAL: GRACIE
SQUARE HOSPITAL" and REBECCA
KOSTOPOULOS s/h/a "DR. REBECCA
KASTOPOULOUS"
99 Park Avenue
New York, New York 10016
(T) (212) 286-8585
(F) (212) 490-8966
Email: vgallo@hpmb.com

TO:

**VIA ECF, CERTIFIED MAIL -RETURN**
**RECEIPT REQUESTED**
**AND FIRST CLASS MAIL**

Mr. Felipe F. Vivar
*Plaintiff Pro-Se*
804 West 180th Street, Apt. 31
New York, New York 10033

**VIA ECF**

To all other parties