UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FELIPE F. VIVAR,

                                      Plaintiff,

    -against-

CITY OF NEW YORK, ANGEL BUSSUE,             Civil Action No: 18CV5987 (VSB)
JOHN DOE HRA EMPLOYEE #1,
JOHN DOE POLICE OFFICERS #1-18,
JOHN DOE SECURITY GUARDS #1-4,
JOHN DOE PARAMEDICS #1-2,
NEW YORK PRESBYTERIAN HOSPITAL,
DINO DIAZ, VALERIE SOTO, RIVAS SEARS,
GRACIE SQUARE HOSPITAL and
DR. REBECCA KASTOPOULOUS,

                                    Defendants.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

                                    Submitted By:

                                    Dana M. Ricci, Esq.
                                    LITCHFIELD CAVO LLP
                                    420 Lexington Avenue, Suite 2104
                                    New York, NY 10170
                                    (212) 434-0100
                                    File No: 5339-4
                                    *Attorney for Defendants*
                                    *Dino Diaz, Valerie Soto and Rivas Sears*
                                    *(Employees of Selfhelp Community Service, Inc.)*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………………….. 4

PROCEDURAL HISTORY……………………………………………………………. 5

FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT………………………. 6

LEGAL ARGUMENT………………………………………………………………….. 6

    A. The Section 1983 claims against Individual Defendants Dino Diaz,
       Valerie Soto and Rivas Sears must be dismissed as a matter of law
       Because they were not state actions……………………………………….7

    B. This Court Should Decline to Exercise Supplemental Jurisdiction over
       any State Law Claims set forth by Plaintiff……………………………… 9

CONCLUSION………………………………………………………………………….. 9

## TABLE OF AUTHORITIES

**Cases**                                                                                                *Page(s)*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)......................................................................6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)........................................................6

*Bender v. City of New York*, 2011 U.S. Dist. LEXIS 103947, 2011 WL 4344203,
at *1 (S.D.N.Y. Sept. 14, 2011).............................................................................................9

*Eyeghe v. Thierry*, 2014 U.S. Dist. LEXIS 147071, 2014 WL 5242605 at *2
(S.D.N.Y. Oct. 15, 2014).......................................................................................................9

*In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007)(per curiam)
(*quoting* Twombly, 550 U.S. at 570).....................................................................................6

*Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010)...................7

*McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014)........................................8

*Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)............................................................7

*Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982))............................................................8

*Sawabini v. McGrath*, 2017 U.S. Dist. LEXIS 137896, 2017 WL 3727370, at *5
(N.D.N.Y. Aug. 28, 2017).....................................................................................................8

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)............................7

*Vivar v. Self Help Community Services*, No. 10-CV-2275 (LAP)
(S.D.N.Y. Mar. 15, 2010).......................................................................................................7

## PRELIMINARY STATEMENT

Defendants Dino Diaz, Valerie Soto and Rivas Sears respectfully submit this Memorandum of Law in support of their motion to dismiss Plaintiff's Amended Complaint under the Federal Rules of Civil Procedure.

Plaintiff Felipe Vivar alleges that, on October 10, 2001, the Civil Court of the City of New York appointed Mary Rosado as Guardian ad Litem due to plaintiff's various medical conditions. Around that time, with the assistance of his Guardian ad Litem, plaintiff obtained services through Non-Party Selfhelp Community Services ("Self Help") to keep his apartment, as well as pay his rent and provide him with a bi-weekly stipend for groceries and other basic amenities. Plaintiff claims that certain employees of Self Help, i.e. Dino Diaz, Valerie Soto and Rivas Sears, made unwelcomed visits to his apartment in the course of their duties for Self Help and reported plaintiff to the police on June 21, 2018 and August 3, 2018 resulting in unwanted hospital admissions.

Plaintiff, appearing pro *se,* commenced this action under 42 U.S.C. § 1983 against numerous defendants. Plaintiff also vaguely asserted "pendent state claims" as a cause of action. The Amended Complaint should be dismissed with prejudice as to Defendants Dino Diaz, Valerie Soto and Rivas Sears. "To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." McGugan v. Aldana-Bernier, 752 F.3d 224, 229 (2d Cir. 2014). Plaintiff has not provided any facts suggesting that Defendants Dino Diaz, Valerie Soto and Rivas Sears acted under color of state law for purposes of liability under § 1983. Finally, this Court should dismiss Plaintiff's "pendent state claims" because they lack specific allegations upon which this Court could determine whether supplemental jurisdiction should be exercised.

For these reasons, and as set forth in greater detail below, Defendants Dino Diaz, Valerie Soto and Rivas Sears respectfully request that the Court grant their motion for an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure thereby dismissing plaintiff's Amended Complaint in its entirety and with prejudice.

## PROCEDURAL HISTORY

Plaintiff Felipe F. Vivar filed a complaint on July 2, 2018 against the New York City Police Department ("NYPD"), New York Presbyterian Hospital Human Resources, and Self Help. In an Order to Amend dated August 3, 2018, Judge Colleen McMahon dismissed the complaint, but granted Plaintiff leave to file an Amended Complaint. A copy of the Court's Order to Amend dated August 3, 2018 is attached to the Declaration of Dana M. Ricci as **Exhibit A**. The Order to Amend noted that plaintiff could not maintain a cause of action under § 1983 against Self Help as Self Help was previously determined to be a private entity that does not act under the color of law. *See* Exhibit A, pgs. 4-5.

Plaintiff filed the Amended Complaint on November 7, 2018 against the City of New York, Angel Bussue, John Doe HRA Employee #1, John Doe Police Officers #1-18, John Doe Security Guards #1-4, John Doe Paramedics #1-2, New York-Presbyterian Hospital ("NYPH"), Dino Diaz, Valerie Soto, Rivas Sears, John Doe HRA Employee #1, Gracie Square Hospital, Dr. Rebecca Kastopoulous, and John Doe Gracie Square Nurse #1. A copy of the Amended Complaint is attached to the Declaration of Dana M. Ricci as **Exhibit B**. Notably, Plaintiff attempted to circumvent this Court's prior determination that Self Help is not a state actor by bringing claims against the individual employees of Self Help. *See* Exhibit B.

## FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT

According to the Amended Complaint, plaintiff suffers from a variety of medical conditions, including intellectual disabilities and psychological issues. (*See* Exhibit B, ¶ 3.) Due to his disabilities, plaintiff retained the services of Self Help, a private not-for-profit home care program that assists individuals with their daily activities thereby allowing them to live independently. (Id. ¶ 4.)

Plaintiff alleges that in May and June 2018, Self Help employees made unwelcomed visits to his apartment. (Id. ¶¶ 6-9.) On June 2, 2018, Self Help employees purportedly called the police who brought him to NYPH where he was involuntarily confined for one day. (Id. ¶12-22). After he was released from NYPH, Plaintiff lodged numerous complaints. (Id. ¶ 24-28.) On August 3, 2018, the Self Help employees once again contacted police officers who forcibly removed plaintiff from his apartment and brought him to NYPH for a second time. (Id. ¶ 29-33.)

Plaintiff alleges violations of 42 U.S.C. § 1983 under the First, Fourth, and Fourteenth Amendments to the United States Constitution and unspecified "pendent state claims." (Id. pg. 2)

## LEGAL ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007)(per curiam)(*quoting* Twombly, 550 U.S. at 570).

In cases where, as here, the plaintiff is *pro se,* a court is obligated to interpret the claims as raising the strongest arguments that they suggest. *See* Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). The obligation to be lenient while reading a plaintiff's pleadings is particularly important in cases where the plaintiff alleges that his civil rights were violated. *See* Jackson v. N.Y.S. Dep't of Labor, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010). Nevertheless, "even *pro se* plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." Id. at 224. As will be addressed below, Plaintiff's claims against Individual Defendants Dino Diaz, Valerie Soto and Rivas Sears as alleged are insufficient to withstand a motion to dismiss.

### A. *The Section 1983 claims against Individual Defendants Dino Diaz, Valerie Soto and Rivas Sears must be dismissed as a matter of law because they were not state actors.*

To assert a colorable claim under 42 U.S.C. § 1983, a plaintiff must allege two things: "(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)(internal citation omitted).

Plaintiff fails to allege that Defendants, Dino Diaz, Valerie Soto and Rivas Sears, acted under color of state law, which is an essential element required to assert a claim under 42 U.S.C. § 1983. Rather, the facts as alleged indicate that Dino Diaz, Valerie Soto and Rivas Sears were employees of Self Help, a private not-for-profit home care program.

As Your Honor noted in your Order to Amend dated August 3, 2018, Self Help is a private actor that does not work for any state or other governmental body. *See* Exhibit B, pgs. 4-5. Within the Order, Your Honor referenced the Plaintiff's prior 2010 action against Self Help and acknowledged that the action was dismissed due to Self Help's status a private entity. *See* Vivar

7

v. Self Help Community Services, No. 10-CV-2275 (LAP) (S.D.N.Y. Mar. 15, 2010). Based on the determinations in the 2010 Vivar matter, Your Honor noted within the Order to Amend that Self Help is not a private actor for purposes of a claim under 42 U.S.C. § 1983 and that Plaintiff is aware of same. *See* Exhibit B, pgs. 4-5.

Here, rather than asserting a claim under 42 U.S.C. § 1983 against Self Help, Plaintiff has asserted claims against the individual employees of Self Help. It is our position that Defendants, Dino Diaz, Valerie Soto and Rivas Sears, as employees of a private company, were not acting under the color of state law in performing their tasks and obligations as employees for Self Help.

To establish that a private actor was acting under color of state law, plaintiff must show that: (1) the individual was subjected to the coercive power of the state or otherwise controlled by the state; (2) the conduct occurred in "joint action" or "close nexus" with the state; or (3) the individual was performing a public function traditionally and exclusively exercised by the state. *See* McGugan v. Aldana-Bernier, 752 F.3d 224, 229 (2d Cir. 2014). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." Fabrikant v. French, 691 F.3d 193, 207 (2d Cir. 2012)(*quoting* Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982)).

Plaintiff's Amended Complaint makes no such allegations. There is nothing in the "facts" as set forth by Plaintiff suggesting that the actions of Defendants, Dino Diaz, Valerie Soto or Rivas Sears were controlled by the state, occurred in "joint action" or close nexus" with the state, or were part of a public function traditionally controlled by the state. Thus, there is no basis for finding that Defendants, Dino Diaz, Valerie Soto and Rivas Sears, actions are "fairly attributable" to the state. *See* Sawabini v. McGrath, 2017 U.S. Dist. LEXIS 137896, 2017 WL 3727370, at *5 (N.D.N.Y. Aug. 28, 2017)(dismissing plaintiff's claim under Section 1983 as against certain

individual defendants on the basis that they are private individuals who did not act under the color of state law).

### B. This Court Should Decline to Exercise Supplemental Jurisdiction over any State Law Claims set forth by Plaintiff

Plaintiff vaguely alleges on page two of the Amended Complaint that he has other "pendent state claims." (Am. Compl. 2.) In the event all federal claims are dismissed in this action, this Court should decline to exercise supplemental jurisdiction over Plaintiffs state law claims. *See* Eyeghe v. Thierry, 2014 U.S. Dist. LEXIS 147071, 2014 WL 5242605 at *2 (S.D.N.Y. Oct. 15, 2014)(Supreme Court and the Second Circuit have held, as a general rule, "when the federal claims are dismissed the 'state claims should be dismissed as well.'")(internal citations omitted).

Even if some federal claims do remain at the close of motion practice, this Court should decline to exercise supplemental jurisdiction over Plaintiffs state law claims against the moving defendants because Plaintiff does not describe the basis for these claims in any detail. *See* Bender v. City of New York, 2011 U.S. Dist. LEXIS 103947, 2011 WL 4344203, at *1 (S.D.N.Y. Sept. 14, 2011)(where Plaintiffs state law claims were particularly confusing and vague as to which events form a basis for which cause of action, Court "cannot find any of Plaintiff's claims to properly fall under our supplemental jurisdiction").

For such reasons, this Court should dismiss this action in its entirety as against individual Defendants Dino Diaz, Valerie Soto and Rivas Sears, inclusive of any state claims.

## CONCLUSION

For the reasons set forth above, this Court should grant the within motion for an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure thereby dismissing plaintiff's amended complaint in its entirety and with prejudice as it relates to Defendants Dino Diaz, Valerie Soto and Rivas Sears and grant any other such relief as deemed just and proper.