UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FELIPE F. VIVAR,                                                    18-cv-05987 (VSB)

                              Plaintiff,

              -against-


CITY OF NEW YORK, ANGEL BUSSUE,
JOHN DOE HRA EMPLOYEE #1, JOHN
DOE POLICE OFFICERS #1-18, HUMAN
RESOURCES ADMINISTRATION, JOHN
DOE SECURITY GUARDS #1-4, JOHN
DOE PARAMEDICS #1-2;,NEW YORK
PRESBYTERIAN HOSPITAL, DINO
DIAZ, VALERIE SOTO, RIVAS SEARS,
SELFHELP COMMUNITY SERVICES,
NEW YORK-PRESBYTERIAN HOSPITAL-
GRACIE SQUARE HOSPITAL, DR.
REBECCA KASTOPOULOUS, JOHN DOE
GRACUE SQUARE NURSE #1,

                              Defendants.
-------------------------------------------------------------X


## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
## OF MOTION TO DISMISS



**OF COUNSEL:**

Vincent L. Gallo, Esq. (VLG 6471)
Attorneys for Defendants
NEW YORK GRACIE SQUARE
HOSPITAL, INC. s/h/a "NEW YORK
PRESBYTERIAN HOSPITAL: GRACIE
SQUARE HOSPITAL" and REBECCA
KOSTOPOULOS s/h/a "DR. REBECCA
KASTOPOULOUS"
99 Park Avenue
New York, New York 10016
(T)  (212) 286-8585
(F)  (212) 490-8966
Email: vgallo@hpmb.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................. ii

**REPLY POINT I**.............................................................................................1

    **PLAINTIFF'S SECTION 1983 CLAIMS MUST BE DISMISSED** ....................................1

**REPLY POINT II** ............................................................................................1

    **THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL
JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**.........................................1

**REPLY POINT III** .........................................................................................5

    **PLAINTIFF FAILS TO STATE A CLAIM FOR FALSE IMPRISONMENT,
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT
INFLICTION OF EMOTIONAL DISTRESS, MEDICAL MALPRACTICE,
BATTERY, OR ASSAULT**..............................................................................5

**CONCLUSION** ...............................................................................................6

i

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................................5

*Bu v. Benenson*, 181 F. Supp. 2d 247 (S.D.N.Y. 2001) ...........................................3, 4

*Burks v. City of New York*, 2018 U.S. Dist. LEXIS 201377, 2018 WL 6199550 (E.D.N.Y. Nov. 28, 2018) .....................................................................................................................4

*Carter v. City of New York*, 2014 U.S. Dist. LEXIS 139482, 2014 WL 4953641 (S.D.N.Y. Sept. 30, 2014) .....................................................................................................................5

*LaChapelle v. Torres*, 37 F. Supp. 3d 672 (S.D.N.Y. 2014) ......................................3

*Lastra v. Barnes & Noble Bookstore*, 2011 U.S. Dist. LEXIS 150112, 2012 WL 12876 (S.D.N.Y. Jan. 3, 2012), aff'd, 523 F. App'x 32 (2d Cir. 2013) ................................1

*Mejía v. Robinson*, 2018 U.S. Dist. LEXIS 135474 (S.D.N.Y. Aug. 10, 2018) .............2

*Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) ....................4

*Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321 (2d Cir. 2011) .................3

*Rivera v. Ndola Pharmacy Corp.*, 497 F. Supp. 2d 381 (E.D.N.Y. 2007) ......................3

*Ruggiero v. Canfield*, 2017 U.S. Dist. LEXIS 44626, 2017 WL 9485692 (W.D.N.Y. Mar. 23, 2017) .........................................................................................................................4

*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966) ........................................3

## Statutes

28 U.S.C. § 1367(a) .......................................................................................................3

28 U.S.C. § 1367(c)(2) ..................................................................................................4

28 U.S.C. § 1367(c)(3) ..................................................................................................5

42 U.S.C. § 1983 .......................................................................................................1, 4

Federal Rules of Civil Procedure 12(b)(6) ..................................................................1

Defendants New York Gracie Square Hospital, Inc. ("Gracie Square") s/h/a "New York Presbyterian Hospital: Gracie Square Hospital" and Rebecca Kostopoulos s/h/a "Dr. Rebecca Kastopoulous" (collectively "Moving Defendants") respectfully submit this Reply Memorandum of Law in further support of their motion to dismiss Plaintiff's Amended Complaint under Federal Rules of Civil Procedure 12(b)(6).

**REPLY POINT I**

**PLAINTIFF'S SECTION 1983 CLAIMS MUST BE DISMISSED**

Plaintiff concedes that the Amended Complaint does not adequately allege facts suggesting that either Gracie Square or Ms. Kostopoulos acted under color of state law for purposes of liability under 42 U.S.C. § 1983.  Pl. Opp. at p. 10.  For this reason and as set forth in pages 4-9 of the Moving Defendants' Memorandum of Law in Support, Plaintiff's federal claims against the Moving Defendants should be dismissed with prejudice.  Furthermore, this Court should deny Plaintiff's vague request for leave to amend the complaint for a second time "to address any deficiencies identified by the Court" (Pl. Opp. at p. 10) because any such amendment would be futile.  *See Lastra v. Barnes & Noble Bookstore*, 2011 U.S. Dist. LEXIS 150112, 2012 WL 12876 at *7 (S.D.N.Y. Jan. 3, 2012), aff'd, 523 F. App'x 32 (2d Cir. 2013)(even pro se plaintiffs are not entitled to file an amended complaint if the complaint "contains substantive problems such that an amended pleading would be futile").

**REPLY POINT II**

**THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**

Plaintiff asks this Court, because of his *pro se* status, to consider the facts and legal theories set forth in his opposition papers as supplementing his Amended Complaint.  Pl. Opp. at p. 1.  He further maintains that as a *pro se* litigant, he was not required to "specifically identify

1

his legal theories entitling him to relief" when he drafted the Amended Complaint. *Id.* at p. 6. This position is deliberately misleading. A review of Plaintiff's Amended Complaint and his Memorandum of Law in Opposition indicates that he was assisted by counsel in the preparation of both documents. Accordingly, he should not be provided the special solicitude normally afforded to *pro se* plaintiffs. *See Mejía v. Robinson*, 2018 U.S. Dist. LEXIS 135474 at *9-10 (S.D.N.Y. Aug. 10, 2018)("The assistance provided to a plaintiff by the ghostwriting attorney 'not only affords [the plaintiff] the benefit of this [C]ourt's liberal construction of pro se pleadings, but also inappropriately shields [the ghostwriting attorney] from responsibility and accountability for his actions and counsel.' The ghostwriter of Plaintiff's opposition seems well aware of this conundrum—and seeks all the solicitude afforded to a pro se litigant—despite the fact that Plaintiff's submission was clearly written by counsel. And by not signing her work, Plaintiff's ghost counsel remains free to introduce unsupported, conclusory facts without the threat of personal sanctions. This practice is of concern to the Court.")(internal citations omitted).

If the Court decides to consider the newly raised facts and legal theories, the only claims remaining against the Moving Defendants would be state law claims for (1) false imprisonment; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; (4) medical malpractice; (5) battery; and (6) assault. Plaintiff asserts that because the City of New York and its employees (hereinafter "City Defendants") have not moved to dismiss the federal claims against them, and the state law claims against the Moving Defendants "form the same case or controversy as Plaintiff's federal law claims against the City and its employees," the Court should exercise supplemental jurisdiction over the state law claims. Pl. Opp. at pp. 4-5. For the following reasons, this Court should refuse Plaintiff's request.

2

28 U.S.C. § 1367(a) provides that district courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." The federal and state law claims "must stem from the same 'common nucleus of operative fact;' in other words, they must be such that the plaintiff 'would ordinarily be expected to try them all in one judicial proceeding.'" *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 332 (2d Cir. 2011)(quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). In the Second Circuit, supplemental jurisdiction requires more than a "loose factual connection" between federal and state law claims. Rather, the facts underlying the claims must "substantially overlap[]." *LaChapelle v. Torres*, 37 F. Supp. 3d 672, 680-82 (S.D.N.Y. 2014)(no supplemental jurisdiction for a state law breach of contract claim when there was no allegation it was related to a federal trademark infringement claim). Finally, "courts have held that there is no common nucleus of operative fact where the events underlying the federal claims occur at a different time than the events underlying the state law claims." *Rivera v. Ndola Pharmacy Corp.*, 497 F. Supp. 2d 381, 394 (E.D.N.Y. 2007). *see also Bu v. Benenson*, 181 F. Supp. 2d 247, 254 (S.D.N.Y. 2001)(claims were not "part of the same case or controversy" where state law claims "involve[d] different rights, different interests, and different underlying facts" than the federal law claims). Here, Plaintiff's federal claims against the City Defendants and his state law claims against the Moving Defendants do not arise from the same common nucleus of operative fact.

First, according to the claims in the Amended Complaint, Plaintiff was transferred to Gracie Square by security officers from New York Presbyterian Hospital, not by the New York City Police Department ("NYPD"). (Am. Compl. 18-19, ¶ 33.). Accordingly, there is no indication that the NYPD relayed any information to the Gracie Square staff or were otherwise

3

involved with Plaintiff's confinement.  Second, Plaintiff's federal claims involve issues

concerning whether or not there was probable cause for Plaintiff's arrest and hospitalization on

June 21, 2018 and August 3, 2018, whether the NYPD used excessive force on those dates, and

whether the City of New York has an official policy or custom giving rise to liability under

*Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978).

Plaintiff's state law claims concern the question of whether the Moving Defendants provided

proper medical care from August 4, 2018 through August 15, 2018.  There is no overlap, and

supplemental jurisdiction is thus lacking, because the federal and state law claims occurred at

different times and "involve[d] different rights, different interests, and different underlying

facts." *Benenson*, 181 F. Supp. 2d at 254.  *See also Burks v. City of New York*, 2018 U.S. Dist.

LEXIS 201377, 2018 WL 6199550 at *6 (E.D.N.Y. Nov. 28, 2018)(finding lack of supplemental

jurisdiction where "the court's consideration of the state-law negligence claim would require it to

engage in an "entirely separate analysis" from the analysis required by the excessive force

claim.").

       Even if some federal claims remain at the close of motion practice, and the Court

determines that they do overlap with the state law claims against the Moving Defendants, under

28 U.S.C. § 1367(c)(2) a district court may decline to exercise supplemental jurisdiction over a

claim if "the claim substantially predominates over the claim or claims over which the district

court has original jurisdiction,"  This Court should, in its discretion, refrain from exercising

supplemental jurisdiction because the state law claims for emotional distress, negligence and

medical malpractice would predominate at trial over any non-dismissed § 1983 claims.  *See*

*Ruggiero v. Canfield*, 2017 U.S. Dist. LEXIS 44626, 2017 WL 9485692 at *21 (W.D.N.Y. Mar.

23, 2017)(recommending that district decline to exercise supplemental jurisdiction because state law claims for medical malpractice predominated over § 1983 claims).

Finally, the City Defendants have asked for an extension until May 13, 2019 to answer or otherwise respond to the Amended Complaint. ECF No. 70. At this point we do not know if any federal claims will remain at the close of motion practice. In the event the Court dismisses all of the federal claims alleged against the City Defendants, this Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). *See Carter v. City of New York*, 2014 U.S. Dist. LEXIS 139482, 2014 WL 4953641 at *3 (S.D.N.Y. Sept. 30, 2014)("It is axiomatic that when all federal claims are eliminated prior to trial, a court should decline to exercise jurisdiction over any remaining pendent state claims.")(internal quotation marks omitted).

## REPLY POINT III

### PLAINTIFF FAILS TO STATE A CLAIM FOR FALSE IMPRISONMENT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS, MEDICAL MALPRACTICE, BATTERY, OR ASSAULT

In his opposition papers, Plaintiff simply recites the elements for each of the newly identified state law causes of action and argues that he has adequately alleged each of these claims. Pl. Opp. at p. 6. If this Court chooses to exercise supplemental jurisdiction, it should nevertheless dismiss Plaintiff's state law claims because it is well settled that "threadbare recitals of elements of a cause of action, supported by mere conclusory statements," are inadequate to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**CONCLUSION**

For the reasons set forth above, this Court should grant the Moving Defendants'

motion to dismiss in its entirety and with prejudice and grant any other such relief as deemed just

and proper.

Dated: New York, New York
      May 1, 2019

Respectfully Submitted,

HEIDELL, PITTONI, MURPHY & BACH, LLP

By:       _____

      Vincent L. Gallo, Esq. (VLG 6471)
      Attorneys for Defendants
      NEW YORK GRACIE SQUARE
      HOSPITAL, INC. s/h/a "NEW YORK
      PRESBYTERIAN HOSPITAL: GRACIE
      SQUARE HOSPITAL" and REBECCA
      KOSTOPOULOS s/h/a "DR. REBECCA
      KASTOPOULOUS"
      99 Park Avenue
      New York, New York 10016
      (T)  (212) 286-8585
      (F)  (212) 490-8966
      Email: vgallo@hpmb.com

**VIA ECF,  CERTIFIED MAIL -RETURN
RECEIPT REQUESTED AND FIRST
CLASS MAIL**

Mr. Felipe F. Vivar
*Plaintiff Pro-Se*
804 West 180th Street, Apt. 31
New York, New York 10033

**VIA ECF**

To all other parties