GJR/da
00016-86201

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FELIPE F. VIVAR,

                        Plaintiff,

-against-

CITY OF NEW YORK, ANGEL BUSSUE, JOHN DOE
HRA EMPLOYEE #1, JOHN DOE POLICE
OFFICERS #1-18, JOHN DOE SECURITY GUARDS
#1-4, JOHN DOE PARAMEDICS #1-2, NEW YORK
PRESBYTERIAN HOSPITAL, DINO DIAZ, VALERIE
SOTO, RIVAS SEARS, GRACIE SQUARE HOSPITAL
and DR. REBECCA KASTOPOULOUS,

                        Defendants.
------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW**

Civil Action No.:
18 CV 5987 (VSB)

**JURY TRIAL DEMANDED**

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF THE PRE-ANSWER MOTION TO DISMISS
BY DEFENDANT THE NEW YORK AND PRESBYTERIAN HOSPITAL,
s/h/a NEW YORK PRESBYTERIAN HOSPITAL**

Of Counsel:   Gregory J. Radomisli (2670)

3560499

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** .................................................................................................... ii

**PRELIMINARY STATEMENT** .............................................................................................. 1

**POINT I**

**PLAINTIFF'S §1983 CLAIMS MUST BE DISMISSED** ...................................................... 1

**POINT II**

**THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE-LAW CLAIMS AS TO NYPH** ........................................................... 1

**POINT III**

**THIS COURT SHOULD DISMISS PLAINTIFF'S PURPORTED CAUSES OF ACTION SOUNDING IN NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** ......................................... 5

**POINT IV**

**THIS COURT SHOULD DISMISS PLAINTIFF'S PURPORTED CAUSE OF ACTION SOUNDING IN BATTERY** ................................................. 7

**CONCLUSION**.......................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abrams v. Terry*,
45 F3d 17 (2d Cir. 1995)..................................................................................................2

*Achtman v. Kirby, McInerney & Squire, LLP*,
464 F3d 328 (2d Cir. 2006)..............................................................................................1

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).........................................................................................................8

*Avallon v. St. Luke's Roosevelt Hospital Center*,
10 Misc3d 126(A) (N.Y.Sup.App.Term 2005)................................................................8

*Berrio v. City of New York*,
2017 U.S.Dist. LEXIS 3759 (S.D.N.Y. Jan. 10, 2017)....................................................6

*Cerilli v. Kezis*,
16 AD3d 363 (2d Dept. 2005).........................................................................................8

*Chaluisan v. Simsmetal E. LLC*,
698 FSupp2d 397 (S.D.N.Y. 2010).................................................................................2

*Dellutri v. Vill of Elmsford*,
895 FSupp2d 555 (S.D.N.Y. 2012).................................................................................4

*Deronette v. City of New York*,
2007 U.S.Dist. LEXIS 21766 (E.D.N.Y. Mar. 27, 2007)................................................6

*Dries v. Gregor*,
72 AD2d 231 (4th Dept. 1980)........................................................................................8

*Druschke v. Banana Republic, Inc.*,
359 FSupp2d 308 (S.D.N.Y. 2005).................................................................................7

*Figueroa v. County of Rockland*,
2018 U.S.Dist. LEXIS 112011 (S.D.N.Y. July 5, 2018).................................................3

*Goff v. Clarke*,
302 AD2d 725 (3d Dept. 2003).......................................................................................8

*Hill v. City of New York*,
2019 U.S.Dist. LEXIS 46183 (S.D.N.Y. Mar. 20, 2019)................................................5

*Jackson v. New York University Downtown Hosp.*,
2007 N.Y.Slip.Op .................................................................................................................. 9

*McKenzie v. City of Mount Vernon*,
2018 U.S.Dist. LEXIS 217566 (S.D.N.Y. Dec. 28, 2018) ..................................................... 6

*Melvin v. Cty. of Westchester*,
2016 U.S.Dist. LEXIS 41120 (S.D.N.Y. Mar. 29, 2016) ....................................................... 4

*Messina v. Matarasso*,
284 AD2d 32 (1st Dept. 2001) ............................................................................................... 8

*Rennalls v. Alfredo*,
2015 U.S.Dist. LEXIS 133641 (S.D.N.Y Sept. 30, 2015) ...................................................... 5

*Riviello v. Waldron*,
47 NY2d 297 (1979) .............................................................................................................. 9

*Rosa v. Triborough Bridge and Tunnel Authority*,
2018 U.S.Dist. LEXIS 195230 (E.D.N.Y. Nov. 15, 2018) ................................................ 3, 4

*Salmon v. Blesser*,
802 F3d 249 (2d Cir. 2015) .................................................................................................... 6

*Tillman v. Nordon*,
4 AD3d 467 (2d Dept. 2004) ................................................................................................. 8

*Turley v. ISG Lackawanna, Inc.*,
774 F3d 140 (2d Cir. 2014) .................................................................................................... 6

*Twitchell v. Mackay*,
78 AD2d 125 (4th Dept. 1980) .............................................................................................. 8

*United Mine Workers of Am. v. Gibbs*,
383 U.S. 715 (1966) ............................................................................................................... 3

*Wende C. v United Methodist Church*,
4 NY3d 293 (2005) ................................................................................................................ 8

*Zgraggen v. Wilsey*,
200 AD2d 818 (3d Dept. 1994) ............................................................................................. 8

*Zhang v. City of New York*,
2018 U.S.Dist. LEXIS 108441 (S.D.N.Y. June 28, 2018) ..................................................... 7

**Statutes**

42 U.S.C. § 1983 ................................................................................................................ 1, 5

## **PRELIMINARY STATEMENT**

This Reply Memorandum of Law is respectfully submitted on behalf of defendant THE NEW YORK AND PRESBYTERIAN HOSPITAL, s/h/a NEW YORK PRESBYTERIAN HOSPITAL, in further support of its pre-Answer motion for an Order dismissing plaintiff's Amended Complaint pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, and for such other and further relief as this Court deems just and proper.

## **POINT I**

### **PLAINTIFF'S §1983 CLAIMS MUST BE DISMISSED**

In his Memorandum of Law in Opposition (Doc. # 73), plaintiff concedes that the Amended Complaint does not allege sufficient facts to state a cause of action pursuant to 42 U.S.C. §1983 against THE NEW YORK AND PRESBYTERIAN HOSPITAL, s/h/a NEW YORK PRESBYTERIAN HOSPITAL ("NYPH") (p. 10). Accordingly, it is respectfully requested that this Court dismiss all of plaintiff's purported federal claims against NYPH.

## **POINT II**

### **THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE-LAW CLAIMS AS TO NYPH**

On p. 2 of the Amended Complaint (Exhibit "A"), plaintiff asserts unspecified "pendant state claims" as causes of action. To determine whether this Court should exercise supplemental jurisdiction, the Court must decide the state law claims against NYPH and the federal claims against the other defendants, "derive from a common nucleus of operative fact" and are thus part of the "same case or controversy." *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F3d 328, 335 (2d Cir. 2006). A state law claim forms part of the same case or controversy as a federal claim if the claims "are such that one would ordinarily expect them to

be tried in one judicial proceeding." *Abrams v. Terry*, 45 F3d 17, 23 n.7 (2d Cir. 1995) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)). Conversely, a Court should not exercise supplemental jurisdiction "when the federal and state claims rest on essentially unrelated facts." *Chaluisan v. Simsmetal E. LLC*, 698 FSupp2d 397, 401 (S.D.N.Y. 2010) (*quoting Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F3d 697, 704 (2d Cir. 2000)).

The attorney preparing plaintiff's Memorandum of Law in Opposition identified five potential causes of action against NYPH that he or she gleans from the Amended Complaint.[1] While plaintiff sets forth the elements of each purported cause of action, he fails to allege or expound upon how actions taken by the City police officers had any bearing whatsoever on whether NYPH falsely imprisoned the plaintiff after he arrived to NYPH; intentionally or negligently caused him emotional distress while at NYPH; or committed medical malpractice and battery. Contrary to *Shalusian v. Simsmetal E. LLC*, 698 FSupp2d 397 (S.D.N.Y. 2010), upon which plaintiff relies, plaintiff's state and federal claims do not involve similar witnesses, evidence or testimony because plaintiff admits in his Amended Complaint that the police left after they brought him to NYPH (Exhibit "A", ¶18). Therefore, they could not possibly be witnesses to any of the facts that constitute the elements of plaintiff's causes of action. Each cause of action can be adjudicated in isolation from plaintiff's federal claims against the City of New York because no one from the City of New York had any contact with the plaintiff after he was admitted to NYPH, and none of the acts allegedly taken by the NYPH employees were in the presence of the NYPD. This Court is therefore well within its discretion to dismiss

---

[1] As discussed in Point III, *infra*, if this Court decides to exercise supplemental jurisdiction over plaintiff's state-law claims, the Court should dismiss them.

plaintiff's purported state-law claims and allow him to pursue them in state court. *See e.g., Figueroa v. County of Rockland*, 2018 U.S.Dist. LEXIS 112011 (S.D.N.Y. July 5, 2018).

The facts of *Rosa v. Triborough Bridge and Tunnel Authority*, 2018 U.S.Dist. LEXIS 195230 (E.D.N.Y. Nov. 15, 2018) are similar to the case at bar. In *Rosa*, personnel from the Triborough Bridge and Tunnel Authority ("TBTA") found a woman unresponsive in a vehicle at the Verrazano Bridge toll plaza. A TBTA officer placed her under arrest, and shortly thereafter, Emergency Medical Technicians took her to defendant Staten Island University Hospital ("SIUH"), accompanied by two TBTA officers. The TBTA officers were present when the SIUH personnel evaluated and treated the woman, and then discharged her. Shortly thereafter, the NYPD took the woman from the Hospital and brought her to jail. She died in jail later that day. The plaintiff sued the TBTA, the City of New York, the NYPD, SIUH and various employees of those entities, asserting various state and federal claims. The TBTA moved to dismiss.

After dismissing the plaintiff's federal claims against the TBTA, the Court addressed the issue of whether it should exercise supplemental jurisdiction over plaintiff's state-law claims against the TBTA, even though the plaintiff still had pending federal (and state) claims against the remaining defendants. The Court cited *United Mine Workers of Am v. Gibbs*, 383 U.S. 715, 727 (1966) for the proposition that "[o]nce it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed." 2018 U.S.Dist. LEXIS at *9. The Court then cited several cases in which district courts have dismissed parties from proceedings when the only claims pending against them were state clams, even though the action was pending against other parties. *See Id.*, at *9-10.

3560499                                    3

In its decision dismissing the state claims against the TBTA, the Court stated that "[t]he state claims, which are primarily based on negligence and similar causes of action, overwhelm the remaining federal claims. These negligence-related claims, as well as the claim for intentional infliction of emotional distress, raise different legal issues than any federal claim for a constitutional violation." *Id.* at *10. The Court recognized that plaintiff's state claims "also raise factual issues separate from the remaining federal claims, which relate solely to the conduct of the NYPD when it took custody of [the decedent]. Any discovery the parties have conducted, will conduct, about events occurring before the NYPD took custody of [the decedent] is separate from discovery about the conduct of the NYPD and the City of New York." *Id.* The Court therefore refused to exercise supplemental jurisdiction over the state law claims plaintiff alleged against the TBTA, and dismissed the Complaint against it.

Similarly, in *Melvin v. Cty. of Westchester*, 2016 U.S.Dist. LEXIS 41120 (S.D.N.Y. Mar. 29, 2016), the Court declined to exercise supplemental jurisdiction over claims against certain defendants where all the federal claims against those defendants had been dismissed, even though federal claims had remained against other defendants. The Court recognized that it had dismissed the federal claims prior to trial, and referred to *Dellutri v. Vill of Elmsford*, 895 FSupp2d 555, 575 (S.D.N.Y. 2012), in which the Court declined to exercise supplemental jurisdiction when the parties had not yet conducted any discovery. 2016 U.S.Dist. LEXIS at *64. The Court also noted that "none of the factors that the Supreme Court enunciated in [*Carnegie-Mellon Univ. v.] Cohill [*, 484 U.S. 343, 350 n.7 (1988)]—'judicial economy, convenience, fairness, [or] comity'—militates against such dismissal [citation omitted], considering that it is not alleged that [the defendant] had any role in the particular events that

gave rise to the surviving §1983 claims against [the remaining defendants]." *Id.* (emphasis added).

Even when courts have found that plaintiff's state and federal claims against a given defendant arise out of a common nucleus of operative facts, courts have declined to exercise supplemental jurisdiction over state law claims when it has dismissed the federal claims against that defendant, despite allowing a plaintiff to proceed with its federal and state claims against the remaining defendants, when the dismissal is in the early stages of the litigation. *See Rennalls v. Alfredo*, 2015 U.S.Dist. LEXIS 133641, *36 (S.D.N.Y Sept. 30, 2015), *citing Klein & Co Futures, Inc. v. Bd. Of Trade of City of New York*, 464 F3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims"); *see also Hill v. City of New York*, 2019 U.S.Dist. LEXIS 46183 (S.D.N.Y. Mar. 20, 2019). As such, this Court should decline to exercise supplemental jurisdiction over plaintiff's purported state law claims, and dismiss the Amended Complaint in its entirety as to NYPH.

### POINT III

### THIS COURT SHOULD DISMISS PLAINTIFF'S PURPORTED CAUSES OF ACTION SOUNDING IN NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

If this Court decides to exercise supplemental jurisdiction over plaintiff's pendent state-law claims, it should dismiss plaintiff's causes of action allegedly sounding in negligent and intentional infliction of emotional distress.

Under New York state law, intentional infliction of emotional distresses and negligent infliction of emotional distress are theories of recovery that can only be asserted when no other

tort causes of action are available. *See Deronette v. City of New York*, 2007 U.S.Dist. LEXIS 21766 (E.D.N.Y. Mar. 27, 2007). The Court in *Deronette* held: "Accordingly, '[n]o intentional infliction of emotional distress claim will lie where the conduct underlying the claims falls within the ambit of traditional tort liability' [citation omitted]. Similarly, a claim for negligent infliction of emotional distress should be dismissed where the conduct for the underlying claim may be redressed by way of traditional tort remedies [citation omitted]." 2007 U.S.Dist. LEXIS at *18.

The Court in *Deronette* dismissed plaintiff's claims for intentional and negligent infliction of emotional distress because the conduct of which plaintiff complained was encompassed by plaintiff's claims sounding in false imprisonment and other torts. Similarly, given plaintiff's concurrent claims of false imprisonment, medical malpractice and battery, plaintiff cannot simultaneously allege causes of action sounding in negligent and intentional infliction of emotional distress. As such, the Court should dismiss those claims. *See also Turley v. ISG Lackawanna, Inc.*, 774 F3d 140, 158 n. 18 (2d Cir. 2014) (where the gravamen of a complaint is another tort, intentional infliction of emotional distress is not available as a cause of action); *Salmon v. Blesser*, 802 F3d 249, 257 (2d Cir. 2015) (Plaintiff's intentional infliction of emotional distress clam was correctly dismissed by the District Court because defendant's alleged conduct fell within the ambit of a traditional battery claim); *McKenzie v. City of Mount Vernon*, 2018 U.S.Dist. LEXIS 217566 (S.D.N.Y. Dec. 28, 2018) (dismissing plaintiff's emotional distress claims because they fall within the ambit of traditional tort liability, including negligence and battery); *Berrio v. City of New York*, 2017 U.S.Dist. LEXIS 3759, *21 (S.D.N.Y. Jan. 10, 2017) (New York does not recognize negligent or intentional infliction of emotional distress causes of action where the conduct underlying them may be addressed

through traditional tort remedies); *Zhang v. City of New York*, 2018 U.S.Dist. LEXIS 108441, *34-35 (S.D.N.Y. June 28, 2018) (dismissing plaintiff's claims for negligent and intentional infliction of emotional distress because plaintiff's complained encompassed tort claims for negligence and malpractice); *Druschke v. Banana Republic, Inc.*, 359 FSupp2d 308 (S.D.N.Y. 2005) (dismissing plaintiff's claim for negligent infliction of emotional distress because the conduct underlying the claim can be redressed by way of traditional tort remedies).

## POINT IV

### THIS COURT SHOULD DISMISS PLAINTIFF'S PURPORTED CAUSE OF ACTION SOUNDING IN BATTERY

According to plaintiff's Memorandum of Law in Opposition to defendant's motion to dismiss, plaintiff stated a cause of action for batter because plaintiff "adequately alleged that when the NYPH's employees strapped him into a bed and when they forcibly medicated him that: 1) they intended to make bodily contact and 2) it was harmful or offensive in nature" (plaintiff's Memorandum of Law, pp. 8-9) (citation omitted).

However, <u>there are no allegations in either plaintiff's Amended Complaint, or in the handwritten pages plaintiff attaches to his Memorandum of Law, that NYPH employees strapped the plaintiff into a bed</u>. Furthermore, Paragraph 19 of the Amended Complaint does not state that the plaintiff was forcibly medicated. Rather, plaintiff alleges that a nurse told him that he needed to take medication if he wanted to leave the hospital. That statement does not constitute battery.

To the extent plaintiff's allegation that he was subjected to an anal cavity search could be construed as a claim for battery, that claim also form the basis for plaintiff's cause of action sounding in medical malpractice (*see* p. 8 of plaintiff's Memorandum of Law). As such,

plaintiff cannot meet the intent element of battery.

A battery is the intentional touching of another person, without that person's consent, and which causes an offensive bodily contact. The intent required for battery is the state of mind to cause a bodily contact that a reasonable person would find offensive. N.Y. PJI 3:3; *See Wende C. v United Methodist Church*, 4 NY3d 293 (2005); *Cerilli v. Kezis*, 16 AD3d 363 (2d Dept. 2005). "Offensive" has been defined as "wrongful under all the circumstances." *Avallon v. St. Luke's Roosevelt Hospital Center*, 10 Misc3d 126(A) (N.Y.Sup.App.Term 2005); *Tillman v. Nordon*, 4 AD3d 467, 468, (2d Dept. 2004); *Zgraggen v. Wilsey*, 200 AD2d 818, 819 (3d Dept. 1994). Lack of consent is but one consideration in determining whether the contact was offensive; it is not conclusive. *See Messina v. Matarasso*, 284 AD2d 32, 35 (1st Dept. 2001); *Zgraggen v. Wilsey*, 200 AD2d 818 (3d Dept. 1994); *Goff v. Clarke*, 302 AD2d 725 (3d Dept. 2003).

> Claims of assault and battery are generally not applicable in medical malpractice cases:
>
> The doctor in a malpractice case is ordinarily not an actor who intends to inflict an injury on his patient and any legal theory which presumes that intent appears to be based upon an erroneous supposition. Instead, the doctor is not one who acts antisocially as one who commits assault and battery, but is an actor who in good faith intends to confer a benefit on the patient.

*Twitchell v. Mackay*, 78 AD2d 125, 129 (4th Dept. 1980); *Dries v. Gregor*, 72 AD2d 231, 235 (4th Dept. 1980).

In this case, it is respectfully submitted that plaintiff's allegation that NYPH employees committed a battery, as opposed to touching the plaintiff in the course of rendering medical treatment, is simply not "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,

3560499                                    8

556 U.S. at 63 (citations omitted). Plaintiff must allege "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiff's cause of action for battery, which plaintiff purportedly pleads together with a cause of action for medical malpractice, should therefore be dismissed.

The foregoing argument is particularly applicable where, as here, plaintiff is seeking to hold NYPH vicariously liable for the alleged battery committed by its employees. An employer may be held liable for the tortious acts of its employees only if those acts were committed in furtherance of the business of the employer and within the scope of employment. *See Riviello v. Waldron*, 47 NY2d 297 (1979). Therefore, NYPH could be held vicariously liable for its employees under a medical malpractice theory. In contrast, to the extent plaintiff seeks to state a cause of action alleging that NYPH is vicariously liable for a battery committed by its employees, plaintiff must fail because "intentional torts such as assault and battery are clearly outside the scope of negligence and/or medical malpractice and therefore, the instant hospital cannot be held vicariously liable for the actions of [its employee] under such a theory." *Jackson v. New York University Downtown Hosp.*, 2007 N.Y.Slip.Op. 52481 (Kings Co. 2007). This Court should therefore dismiss plaintiff's purported cause of action sounding in battery.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that this Court grant defendant's motion and dismiss the Amended Complaint as to THE NEW YORK AND PRESBYTERIAN HOSPITAL, s/h/a NEW YORK PRESBYTERIAN HOSPITAL in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
      May 2, 2019

                          Respectfully submitted,

                          MARTIN CLEARWATER & BELL LLP

By: _____
Gregory J. Radomisli (GJR 2670)
Attorneys for Defendant
THE NEW YORK AND PRESBYTERIAN
HOSPITAL, s/h/a NEW YORK
PRESBYTERIAN/COLUMBIA MEDICAL
CENTER
220 East 42nd Street
New York, NY 10017
(212) 697-3122

3560499

10