UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------- X

FELIPE VIVAR,

Plaintiff,

-against-

CITY OF NEW YORK, ANGEL BUSSE,
JOHN DOE HRA EMPLOYEE #1, JOHN DOE POLICE OFFICERS #1-
18, JOHN DOE SECURITY GUARDS #1-4, JOHN DOE PARAMEDICS
#1-2, NEW YORK PRESBYTERIAN HOSPITAL, DINO DIAZ,
VALARIE SOTO, RIVAS SEARS

Defendants.
------------------------------------------------------------------------------------- X

**ANSWER ON BEHALF
OF DEFENDANT CITY
OF NEW YORK,
ANGEL BUSSUE**

18 CV 05987 (VSB)

JURY TRIAL
DEMANDED

Defendants City of New York and Angel Bussue ("City Defendants"), by their attorney, Zachary

W. Carter, Corporation Counsel of the City of New York, for their answer to the Amended Complaint

("Complaint"), respectfully allege, upon information and belief, as follows:

1.   Deny the allegations set forth in paragraph "I" of the Complaint, except admit that

Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

2.   Deny the allegations set forth in paragraph "IA" of the Complaint, except admit that

Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

3.   Deny the allegations set forth in paragraph "IB" of the Complaint.

4.   Deny the allegations set forth in paragraph "II A" of the Complaint, except admit

that Plaintiff purports to proceed as stated therein and deny knowledge or information sufficient to form

a belief as to Plaintiff's address and phone number.

5.   Deny the allegations set forth in paragraph "II B" of the Complaint, except admit

that Plaintiff purports to proceed as stated therein.

6.   Deny the allegations set forth in paragraph "III STATEMENT OF CLAIM" of the

Complaint, except admit that on or about June 21, 2018 and August 3, 2018, Plaintiff was transported to

the hospital from his home.

7.   Deny the allegations set forth in paragraph "III FACTS" of the Complaint.

8.   Deny the allegations set forth in paragraph "III INJURIES" of the Complaint.

9.   Deny the allegations set forth in paragraph "III RELIEF" of the Complaint, except

admit that Plaintiff seeks relief as stated therein.

10. Deny the allegations set forth in paragraph "List of Defendants" of the Complaint, except admit that Plaintiff seeks to proceed as stated therein.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1 of Statement of Facts" of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2 of Statement of Facts" of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3 of Statement of Facts" of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4 of Statement of Facts" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5 of Statement of Facts" of the Complaint.

16. Deny the allegations set forth in paragraph "6 of Statement of Facts" of the Complaint. See Exhibit A – Sprint Report of June 21, 2018 911 Calls of Dino Deas and Plaintiff.[1]

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7 of Statement of Facts" of the Complaint.

18. Deny the allegations set forth in paragraph "8 of Statement of Facts" of the Complaint.

19. Deny the allegations set forth in paragraph "9 of Statement of Facts" of the Complaint.

20. Deny the allegations set forth in paragraph "10 of Statement of Facts" of the Complaint.

21. Deny the allegations set forth in paragraph "11 of Statement of Facts" of the Complaint, except admit that New York City Police Department Officers entered Plaintiff's apartment on June 21, 2018.

---

[1] Due to the filing of this document on the public docket, certain information has been redacted pursuant to HIPPA and other privacy concerns, however, an unredacted copy will be furnished to the Court.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12 of Statement of Facts" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13 of Statement of Facts" of the Complaint, except admit that on June 21, 2018, the Officers did inform Plaintiff concerning why they were at Plaintiff's apartment.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14 of Statement of Facts" of the Complaint, except admit that on June 21, 2018, the Officers were at Plaintiff's apartment and investigated the allegations concerning whether Plaintiff was an imminent danger to himself or others.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15 of Statement of Facts" of the Complaint, except admit that on June 21, 2018, Plaintiff was transported to the hospital by ambulance.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16 of Statement of Facts" of the Complaint, except admit that on June 21, 2018, Plaintiff was treated at the hospital.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17 of Statement of Facts" of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18 of Statement of Facts" of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19 of Statement of Facts" of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20 of Statement of Facts" of the Complaint.

31. Deny the allegations set forth in paragraph "21 of Statement of Facts" of the Complaint.

32. Deny the allegations set forth in paragraph "22 of Statement of Facts" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23 of Statement of Facts" of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24 of Statement of Facts" of the Complaint.

35. Deny the allegations set forth in paragraph "25 of Statement of Facts" of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26 of Statement of Facts" of the Complaint.

37. Deny the allegations set forth in paragraph "27 of Statement of Facts" of the Complaint, except admit that on August 3, 2018, upon information and belief, Plaintiff threatened Dino Deas, from SelfHelp, with a knife.

38. Deny the allegations set forth in paragraph "28 of Statement of Facts" of the Complaint, except admit that upon information and belief, on or about August 3, 2018 at approximately 9:23 am, Dino Deas with SelfHelp was at 804 180th street at apartment 31, in New York, New York to clean Plaintiff's apartment, and that Plaintiff threatened Dino Deas with a knife by displaying a knife to Dino Deas; Dino Deas  called 911 and reported the incident and Plaintiff called 911 and stated that he was being harassed. See Exhibit B – Sprint Report of August 3, 2018, 911 Call of Dino Deas, Exhibit C – Transcript of August 3, 2018, 911 Call of Dino Deas, and Exhibit D – Transcript of August 3, 2018, 911 Call of Plaintiff.[2]

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29 of Statement of Facts" of the Complaint.

40. Deny the allegations set forth in paragraph "30 of Statement of Facts" of the Complaint, except admit that on August 3, 2018, Dino Deas did inform the John Doe Police Officers that Plaintiff threatened him with a knife.

---

[2] Due to the filing of this document on the public docket, certain information has been redacted pursuant to privacy concerns, however, an unredacted copy will be furnished to the Court.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31 of Statement of Facts" of the Complaint, except admit that on August 3, 2018, Plaintiff was an imminent danger to himself and other individuals.

42. Deny the allegations set forth in paragraph "32 of Statement of Facts" of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33 of Statement of Facts" of the Complaint, except admit that on August 3, 2018 Plaintiff was transported to the hospital.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34 of Statement of Facts" of the Complaint, except admit that Plaintiff was admitted into the hospital on August 3, 2018 and upon information and belief Plaintiff threatened Dino Deas with a knife, prior to Plaintiff's hospitalization on August 3, 2018.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35 of Statement of Facts" of the Complaint, except admit that Plaintiff was admitted into the hospital on or about August 4, 2018 and discharged on or about August 14, 2018.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36 of Statement of Facts" of the Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37 of Statement of Facts" of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38 of Statement of Facts" of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39 of Statement of Facts" of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40 of Statement of Facts" of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41 of Statement of Facts" of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42 of Statement of Facts" of the Complaint, except admit that Plaintiff was discharged on or about August 14, 2018.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43 of Statement of Facts" of the Complaint.

54. Deny the allegations set forth in paragraph "44 of Statement of Facts" of the Complaint.

55. Deny the allegations set forth in paragraph "45 of Statement of Facts" of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46 of Statement of Facts" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

57. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

58. City Defendants have not violated any rights, privileges, or immunities under the Constitution of laws of the United States or the State of New York or any political subdivision thereof, nor have Defendants violated any acts of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

59. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of a third party and was not the proximate result of any act of Defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

60. There was reasonable cause to believe that Plaintiff had a mental illness for which

immediate observation, care and treatment in a hospital was appropriate and without which was likely to result in serious harm to him/ herself or others. (New York State Mental Hygiene Law 9.41)

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

61.  Angel Bussue has not violated any clearly established Constitutional or statutory right of which a reasonable person would have known and therefore is protected by qualified immunity.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

62.  This action may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

63.  There was probable cause for any seizure/arrest of Plaintiff.

## AS AND FOR A EIGTH AFFIRMATIVE DEFENSE:

64.  Plaintiff failed to mitigate damages.

**WHEREFORE,** Defendant respectfully requests judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        May 13, 2019

                                ZACHARY W. CARTER
                                Corporation Counsel of City of New York
                                *Attorney for Defendants City, Bussue*

                                        /s/
                                _____

                        By:     AMATULLAH K. BOOTH
                                Senior Counsel
                                Special Federal Litigation Division
                                New York City Law Department
                                100 Church Street
                                New York, New York 10007
                                212-356-3534

To:     **VIA U.S. MAIL**
        Felipe F. Vivar
        804 W 180th Street
        Apartment 31
        New York, New York 10033