UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/14/2019
```

FELIPE VIVAR,

                Plaintiff,

-against-

CITY OF NEW YORK; ANGEL BUSSUE;
JOHN DOE HRA EMPLOYEE #1; JOHN
DOE POLICE OFFICERS #1-18; JOHN
DOE SECURITY GUARDS #1-4; JOHN
DOE PARAMEDICS #1-2; NEW YORK
PRESBYTERIAN HOSPITAL; DINO
DIAZ; VALERIE SOTO; RIVAS SEARS;
GRACIE SQUARE HOSPITAL; DR.
REBECCA KASTOPOULOUS; JOHN DOE
GRACIE SQUARE NURSE #1,

                Defendants.

18-CV-5987 (VSB)

**ORDER OF SERVICE**

VERNON S. BRODERICK, United States District Judge:

      Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that on two occasions, police officers entered his apartment without permission, and took him against his will to the hospital, where he was strip searched, hospitalized, and medicated. Plaintiff sues New York City, Angel Bussue, Dino Diaz, Valerie Soto, Rivas Sears, New York Presbyterian Hospital, Gracie Square Hospital, and Dr. Rebecca Kastopoulous. He also names the following John Doe defendants: John Doe HRA employee #1, John Doe police officers 1-18, John Doe security guards 1-4, John Doe paramedics 1-2, and Gracie Square nurse #1. By order dated July 25, 2018, I granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d. 119, 123 (2d Cir. 2013); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process

 . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of the summons and complaint to be completed within 90 days of the date the summons issues, and it is Plaintiff's responsibility to request, if necessary, an extension of time for service. *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). *But see Murray v. Pataki*, 278 F. App'x 50, 51-52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Selfhelp Community Services through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for that defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon that defendant. Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to the pro se Plaintiff.

The Clerk of Court is further instructed to complete the USM-285 form with the address for Selfhelp Community Services and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: May 14, 2019
       New York, New York

                                        Vernon S. Broderick
                                        United States District Judge

## DEFENDANT AND SERVICE ADDRESS

1. Selfhelp Community Services
   520 8th Avenue, 5th Floor
   New York, NY 10018