UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FELIPE F. VIVAR,

                                            Plaintiff,

    -against-

CITY OF NEW YORK, ANGEL BUSSUE,         Civil Action No: 18CV5987 (VSB)
JOHN DOE HRA EMPLOYEE #1,
JOHN DOE POLICE OFFICERS #1-18,
JOHN DOE SECURITY GUARDS #1-4,
JOHN DOE PARAMEDICS #1-2,
NEW YORK PRESBYTERIAN HOSPITAL,
DINO DIAZ, VALERIE SOTO, RIVAS SEARS,
GRACIE SQUARE HOSPITAL and
DR. REBECCA KASTOPOULOUS,

                                          Defendants.
-----------------------------------------------------------------X

## MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION AND IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Submitted By:

Dana M. Ricci, Esq.
LITCHFIELD CAVO LLP
420 Lexington Avenue, Suite 2104
New York, NY 10170
(212) 434-0100
File No: 5339-4
*Attorney for Defendants*
*Dino Diaz, Valerie Soto and Rivas Sears*
*(Employees of Selfhelp Community Service, Inc.)*

1

Defendants Dino Diaz, Valerie Soto and Rivas Sears respectfully submit this Memorandum of Law in reply to plaintiff's opposition and in further support of their motion to dismiss Plaintiff's Amended Complaint under the Federal Rules of Civil Procedure.

### A. *Plaintiff's Opposition Papers are devoid of any arguments or evidence that Individual Defendants Dino Diaz, Valerie Soto and Rivas Sears were state actors as required to plaintiff a claim under Section 1983*

As set forth within our Memorandum of Law in Support, to assert a colorable claim under 42 U.S.C. § 1983, a plaintiff must allege two things: "(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)(internal citation omitted).

To establish that a private actor was acting under color of state law, plaintiff must show that: (1) the individual was subjected to the coercive power of the state or otherwise controlled by the state; (2) the conduct occurred in "joint action" or "close nexus" with the state; or (3) the individual was performing a public function traditionally and exclusively exercised by the state. See McGugan v. Aldana-Bernier, 752 F.3d 224, 229 (2d Cir. 2014).

Plaintiff's Amended Complaint failed to set forth any allegations that Defendants, Dino Diaz, Valerie Soto and Rivas Sears, acted under color of state law. As noted above, this is an essential element required to assert a claim under 42 U.S.C. § 1983 and the absence of this element is fatal to the claim. In opposition, plaintiff failed to offer any additional evidence or argument that Defendants, Dino Diaz, Valerie Soto and Rivas Sears, acted under color of state law.

Therefore, it is our unopposed position that Defendants, Dino Diaz, Valerie Soto and Rivas Sears, as employees of a private company, were not acting under the color of state law in

performing their tasks and obligations as employees for the private entity, Self Help. For such reasons, plaintiff's claim under 42 U.S.C. § 1983 must be dismissed as a matter of law.

### B. *This Court Should Decline to Exercise Supplemental Jurisdiction over any State Law Claims set forth by Plaintiff*

Within plaintiff's opposition, instead of arguing the validity of any federal claims, plaintiff provides further detail on his vaguely alleged "pendent state claims" asserted on page two of the Amended Complaint. (Am. Compl. 2.) His efforts are simply misplaced. This is not the correct forum to pursue an action based solely on state claims. *See* Eyeghe v. Thierry, 2014 U.S. Dist. LEXIS 147071, 2014 WL 5242605 at *2 (S.D.N.Y. Oct. 15, 2014)(Supreme Court and the Second Circuit have held, as a general rule, "when the federal claims are dismissed the 'state claims should be dismissed as well.'")(internal citations omitted).

Plaintiff's opposition papers offer no legal argument as to why state claims should be allowed to proceed in this Federal Court. Furthermore, plaintiff's request specifically contradicts the applicable procedural law. According to 28 U.S.C. § 1367(a), District Courts, such as is the case here, shall only have supplemental jurisdiction over other claims related to the federal claims providing the Court with original jurisdiction. As there are no valid federal claims against Defendants, Dino Diaz, Valerie Soto and Rivas Sears, any possible state law claims against them should be dismissed as well.

In the event some federal law claims remain against other defendants at the close of motion practice, i.e. the City of New York, this Court has authority to dismiss state law claims against Defendants, Dino Diaz, Valerie Soto and Rivas Sears where state law claims would predominate the remaining federal law claims against a co-defendant. *See* 28 U.S.C. § 1367(c)(2). Furthermore, there is no overlap between the state law claims against Defendants, Dino Diaz, Valerie Soto and Rivas Sears and any federal claims that may remain against the City of New York.

Plaintiff attempts to argue that the New York Police Department were acting as agents of the individual Defendants, Dino Diaz, Valerie Soto and Rivas Sears, because the individuals instigated his arrests for the purpose of confining him.

We refer the Court to plaintiff's Amended Complaint. Within same, plaintiff makes absolutely no allegations that the Self Help employees attempted to utilize the police as its agents. Rather, plaintiff alleges that, on June 2, 2018, Self Help employees purportedly called the police who brought him to NYPH where he was involuntarily confined for one day. (Am. Compl. ¶¶ 12-22). Similarly, on August 3, 2018, the Self Help employees once again contacted the police, who thereafter removed plaintiff from his apartment and brought him to NYPH for a second time. (Id. ¶ 29-33.)

Based on plaintiff's own allegation, on both occasions, the calls to 9-1-1 did not result in plaintiff being falsely arrested or imprisoned; rather, plaintiff was merely transported to the hospital for one day of medical treatment. Moreover, plaintiff offers no evidence that Defendants, Dino Diaz, Valerie Soto and Rivas Sears, intended to or succeeded in persuading or influencing the police to arrest plaintiff under false pretenses. Without any evidence of persuasion or influence to support such allegations, the Appellate Courts have upheld dismissals of plaintiff's claim. See Carrington v. City of New York, 201 A.D.2d 525, 526-27 (2d Dept. 1994).

In light of the above, there is simply no valid legal basis for plaintiff to maintain the state based causes of action he improperly purports to allege in his opposition papers. For such reasons, Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss this action in its entirety as against individual Defendants Dino Diaz, Valerie Soto and Rivas Sears, inclusive of any state claims.

### C. *Movants did not waive their right to seek dismissal of plaintiff's action by serving an answer*

Plaintiff's opposition appears to claim that Defendants Dino Diaz, Valerie Soto and Rivas Sears, waived their opportunity to move for dismissal based upon the lack of subject matter jurisdiction due to plaintiff's failure to assert any viable causes of action against them. The sole basis for such an allegation is that Defendants Dino Diaz, Valerie Soto and Rivas Sears, filed an answer.

Although Rule 12(b) of the Federal Rules of Civil Procedure directs a motion to be filed before the responsive pleading is filed, it does not result in the waiver of a defense based upon lack of subject matter jurisdiction or a motion for failure to state a claim (pursuant to Rule 12(b)(6)).

According to Rule 12(h)(3) of Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." This is a requirement placed upon the Court regardless of when or how the Court becomes aware of same. Without a federal cause of action against the movants, this Court is obligated to dismiss plaintiff's complaint due to lack of subject matter jurisdiction allowing it to preside over such claims.

Furthermore, any motions made under Rule 12(b)(6) may be converted into a motion for summary judgment under Rule 56. Therefore, the Court need not deny a motion to dismiss pursuant to Rule 12(6) made after an answer is served. Rather, the Court can convert the request for dismissal into a motion under Rule 56 and grant the movants summary judgment.

In light of the above, Defendants Dino Diaz, Valerie Soto and Rivas Sears request for dismissal are not untimely and should be granted by the Court.

  **D.** *Plaintiff failed to state a claim for false imprisonment, intentional or negligent infliction of emotional distress, medical malpractice, battery or assault*

  Within his opposition, plaintiff names six causes of action that he failed to set forth within his Complaint. The opposition papers are completely devoid of any good faith basis for failing to properly plead these causes of action in his Amended Complaint, nor does plaintiff request leave to amend his pleadings to assert same. Furthermore, plaintiff failed to offer any allegations that Defendants Dino Diaz, Valerie Soto and Rivas Sears committed acts or omissions sufficient to fulfill the required elements of each cause of action alleged. For such reasons, plaintiff's has not adequately pleaded any state claims that would survive a motion to dismiss or a motion for summary judgment in the event such claims were allowed to be held in this forum.

## CONCLUSION

  For the reasons set forth above, this Court should grant the within motion for an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure thereby dismissing plaintiff's Amended Complaint in its entirety and with prejudice as it relates to Defendants Dino Diaz, Valerie Soto and Rivas Sears and grant any other such relief as deemed just and proper.

TO: VIA ECF, CERTIFIED MAIL-RETURN
RECEIPT REQUESTED AND
<u>FIRST CLASS MAIL</u>

Felipe F. Vivar
804 West 180th Street, Apt. 31
New York, NY 10033
(646) 850-0115
*Pro Se Plaintiff*

<u>VIA ECF</u>

Zachary W. Carter
Corporation Counsel of City of New York
Senior Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-3534
*Attorney for Defendants*
*City of New York, Angel Bussue*

Gregory John Radomisli
Martin Clearwater & Bell, LLP
220 East 42nd Street, 13th Floor
New York, NY 10017
(212) 916-0923
Fax: 212-949-7054
*Attorney for Defendant*
*New York Presbyterian Hospital*

Vincent Leonard Gallo, Jr.
Heidell Pittoni Murphy & Bach, LLP
99 Park Avenue
New York, New York 10016
Tel: (212) 286-8585
Fax: (212) 490-8966
*Attorney for Defendants*
*New York Gracie Square Hospital,*
*Inc. s/h/a "New York Presbyterian*
*Hospital: Gracie Square Hospital"*
*And Rebecca Kostopoulos s/h/a*
*"Dr. Rebecca Kastopoulos"*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                                         ) ss.:
COUNTY OF NEW YORK  )

    **ARLENE HERNANDEZ**, being duly sworn, deposes and says: Deponent is not a party to the action, is over 18 years of age and resides in Bronx County, New York.

    On June 12, 2019, deponent served the within **MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION AND IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS**, via certified mail return receipt requested, and first class mail upon:

Felipe F. Vivar
804 West 180th Street, Apt. 31
New York, NY 10033
(646) 850-0115
*Pro Se Plaintiff*

at the addresses designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed envelope in an official depository under the exclusive are and custody of the United States Postal Service within the State of New York.

                                                          */s/ Arlene Hernandez*
                                                         ARLENE HERNANDEZ

Sworn to before me this
12th day of June 2019.

_____
Notary Public

        ZAMEEN B. DINDYAL
   Notary Public, State of New York
        No. 01DI4961709
    Qualified in Queens County
  Commission Expires June 30, 20__

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

     **ARLENE HERNANDEZ**, being duly sworn, deposes and says: Deponent is not a party to the action, is over 18 years of age and resides in Bronx County, New York.

     On June 12, 2019, deponent served the within **MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION AND IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS**, pursuant to Uniform Rule 202.5b(f)(2)(ii) by e-filing the same to counsel for the parties herein as detailed below who have consented and are fully participating in the NYSCEF program:

Zachary W. Carter
Corporation Counsel of City of New York
Senior Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-3534
*Attorney for Defendants*
*City of New York, Angel Bussue*

Gregory John Radomisli
Martin Clearwater & Bell, LLP
220 East 42nd Street, 13th Floor
New York, NY 10017
(212) 916-0923
Fax: 212-949-7054
*Attorney for Defendant*
*New York Presbyterian Hospital*

Vincent Leonard Gallo, Jr.
Heidell Pittoni Murphy & Bach, LLP
99 Park Avenue
New York, New York 10016
Tel: (212) 286-8585
Fax: (212) 490-8966
*Attorney for Defendants*
*New York Gracie Square Hospital,*
*Inc. s/h/a "New York Presbyterian*
*Hospital: Gracie Square Hospital"*
*And Rebecca Kostopoulos s/h/a*
*"Dr. Rebecca Kastopoulos"*

*Arlene Hernandez* (signature)
ARLENE HERNANDEZ

Sworn to before me this
12th day of June 2019.

_____
Notary Public

ZAMEEN B. DINDYAL
Notary Public, State of New York
No. 01DI4961709
Qualified in Queens County
Commission Expires June 30, 20 22

- 2 -