UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FELIPE F. VIVAR,

                                    Plaintiff,

    -against-
                                                     Civil Action No: 18CV5987 (VSB)

CITY OF NEW YORK, ANGEL BUSSUE,
JOHN DOE HRA EMPLOYEE #1,
JOHN DOE POLICE OFFICERS #1-18,
JOHN DOE SECURITY GUARDS #1-4,
JOHN DOE PARAMEDICS #1-2,
NEW YORK PRESBYTERIAN HOSPITAL,
DINO DIAZ, VALERIE SOTO, RIVAS SEARS,
SELFHELP COMMUNITY SERVICES,
GRACIE SQUARE HOSPITAL,
DR. REBECCA KASTOPOULOUS, and
GRACIE SQUARE NURSE #1,

                                  Defendants.
------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

**BY SELFHELP COMMUNITY SERVICE, INC.**

Submitted By:

Dana M. Ricci, Esq.
LITCHFIELD CAVO LLP
420 Lexington Avenue, Suite 2104
New York, NY 10170
(212) 434-0100
File No: 5339-4
*Attorney for Defendants*
*Dino Diaz, Valerie Soto, Rivas Sears and*
*Selfhelp Community Service, Inc.*

1

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT..................................................................... 4

PROCEDURAL HISTORY........................................................................... 5

FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT........................... 6

LEGAL ARGUMENT.................................................................................. 6

    A. The Section 1983 claims against Defendant Self Help Community
        Services, Inc. must be dismissed as a matter of law it is not a state actor ....... 7

    B. This Court Should Decline to Exercise Supplemental Jurisdiction over
        any State Law Claims set forth by Plaintiff........................................... 10

CONCLUSION......................................................................................... 11

# TABLE OF AUTHORITIES

*Cases*                                                                                                        *Page(s)*

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................. 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................. 6

*Bender v. City of New York*, 2011 WL 4344203 (S.D.N.Y. Sept. 14, 2011) ............ 10

*Cerbelli v. City of New York*, 600 F.Supp.2d 405 (E.D.N.Y. 2009) ........................ 9

*Dilworth v. Goldberg*, 914 F.Supp.2d 433 (S.D.N.Y. 2012) ................................... 9

*Eyeghe v. Thierry*, 2014 WL 5242605 (S.D.N.Y. Oct. 15, 2014) ............................ 10

*Fabrikant v. French*, 691 F.3d 193 (2d Cir. 2012) ................................................. 9

*In re Elevator Antitrust Litig.*, 502 F.3d 47 (2d Cir. 2007) ..................................... 7

*Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218 (S.D.N.Y. 2010) ............... 7

*McGugan v. Aldana-Bernier*, 752 F.3d 224 (2d Cir. 2014) .................................... 4, 8

*Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978) ................... 9

*Pitchell v. Callan*, 13 F.3d 545 (2d Cir. 1994) ....................................................... 7

*Pizarro v. City of New York*, 2015 WL 5719678 (E.D.N.Y. Sept. 29, 2015) ............ 9

*Rendell-Baker v. Kohn*, 457 U.S. 830 (1982) ......................................................... 9

*Sawabini v. McGrath*, 2017 WL 3727370 (N.D.N.Y. Aug. 28, 2017) ..................... 9

*Swinton v. City of New York*, 785 F.Supp.2d 3 (E.D.N.Y. 2011) ............................ 9

*Thomas v. City of New York*, 2015 WL 9412543 (E.D.N.Y. Dec. 22, 2015) ............ 10

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471 (2d Cir. 2006) ........................ 7

*Vivar v. Self Help Community Services*, No. 10-CV-2275 (S.D.N.Y. Mar. 15, 2010) ................................................................................... 8

*Young v. Suffolk Cty.*, 705 F. Supp. 2d 183 (E.D.N.Y. 2010) ................................. 8

## **PRELIMINARY STATEMENT**

Defendant Selfhelp Community Services ("Self Help") respectfully submits this Memorandum of Law in support of it Pre-Answer Motion to Dismiss Plaintiff's Amended Complaint under the Federal Rules of Civil Procedure.

Plaintiff Felipe Vivar alleges that, on October 10, 2001, the Civil Court of the City of New York appointed Mary Rosado as Guardian ad Litem due to his various medical conditions. Around that time, with the assistance of his Guardian ad Litem, plaintiff obtained services through Self Help to keep his apartment, as well as pay his rent and provide him with a bi-weekly stipend for groceries and other basic amenities. Plaintiff claims that certain employees of Self Help, i.e. Dino Diaz, Valerie Soto and Rivas Sears, made unwelcomed visits to his apartment in the course of their duties for Self Help and reported plaintiff to the police on June 21, 2018 and August 3, 2018 resulting in unwanted hospital admissions.

Plaintiff, appearing pro *se,* commenced this action under 42 U.S.C. § 1983 against numerous defendants. Plaintiff also vaguely asserted "pendent state claims" as a cause of action. The Amended Complaint should be dismissed with prejudice as to Defendant Self Help. "To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." McGugan v. Aldana-Bernier, 752 F.3d 224, 229 (2d Cir. 2014). Plaintiff has not provided any facts suggesting that Defendant Self Help, cted under color of state law for purposes of liability under § 1983. Finally, this Court should dismiss Plaintiff's "pendent state claims" because they lack specific allegations upon which this Court could determine whether supplemental jurisdiction should be exercised.

For these reasons, and as set forth in greater detail below, Defendant Self Help respectfully requests that the Court grant its Pre-Answer Motion for an Order pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure thereby dismissing Plaintiff's Amended Complaint in its entirety and with prejudice.

## PROCEDURAL HISTORY

Plaintiff Felipe F. Vivar filed a complaint on July 2, 2018 against the New York City Police Department ("NYPD"), New York Presbyterian Hospital Human Resources, and Self Help. In an Order to Amend dated August 3, 2018, Judge Colleen McMahon dismissed the complaint, but granted Plaintiff leave to file an Amended Complaint. A copy of the Court's Order to Amend dated August 3, 2018 is attached to the Declaration of Dana M. Ricci as **Exhibit A**. The Order to Amend noted that plaintiff could not maintain a cause of action under § 1983 against Self Help as Self Help was previously determined to be a private entity that does not act under the color of law. *See* Exhibit A, pgs. 4-5.

Plaintiff filed the Amended Complaint on November 7, 2018 against the City of New York, Angel Bussue, John Doe HRA Employee #1, John Doe Police Officers #1-18, John Doe Security Guards #1-4, John Doe Paramedics #1-2, New York-Presbyterian Hospital ("NYPH"), Dino Diaz, Valerie Soto, Rivas Sears, John Doe HRA Employee #1, Gracie Square Hospital, Dr. Rebecca Kastopoulous, and John Doe Gracie Square Nurse #1. A copy of the Amended Complaint is attached to the Declaration of Dana M. Ricci as **Exhibit B**.

The Amended Complaint did not name Defendant Self Help as a defendant in the caption nor was it ever served upon Self Help. Recently, the Court directed the U.S. Marshall to serve a copy of the Amended Complaint upon Defendant Self Help, but neglected to include a copy of the Amended Complaint. By Order of the Court dated June 1, 2019, Defendant Self Help was directed to the Amended Complaint despite the lack of service of same. In response to same, Self Help hereby motions for a pre-answer dismissal of the Amended Complaint.

5

## FACTUAL ALLEGATIONS IN THE AMENDED COMPLAINT

According to the Amended Complaint, plaintiff suffers from a variety of medical conditions, including intellectual disabilities and psychological issues. (*See* Exhibit B, ¶ 3.) Due to his disabilities, plaintiff retained the services of Self Help, a private not-for-profit home care program that assists individuals with their daily activities thereby allowing them to live independently. (Id. ¶ 4.)

Plaintiff alleges that in May and June 2018, Self Help employees made unwelcomed visits to his apartment. (Id. ¶¶ 6-9.) On June 2, 2018, Self Help employees purportedly called the police who brought him to NYPH where he was involuntarily confined for one day. (Id. ¶12-22). After he was released from NYPH, Plaintiff lodged numerous complaints. (Id. ¶ 24-28.) On August 3, 2018, the Self Help employees once again contacted police officers who forcibly removed plaintiff from his apartment and brought him to NYPH for a second time. (Id. ¶ 29-33.)

Plaintiff alleges violations of 42 U.S.C. § 1983 under the First, Fourth, and Fourteenth Amendments to the United States Constitution and unspecified "pendent state claims." (Id. pg. 2)

## LEGAL ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007)(per curiam)(*quoting* Twombly, 550 U.S. at 570).

In cases where, as here, the plaintiff is *pro se,* a court is obligated to interpret the claims as raising the strongest arguments that they suggest. *See* Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). The obligation to be lenient while reading a plaintiff's pleadings is particularly important in cases where the plaintiff alleges that his civil rights were violated. *See* Jackson v. N.Y.S. Dep't of Labor, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010). Nevertheless, "even *pro se* plaintiffs asserting civil rights claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." Id. at 224. As will be addressed below, Plaintiff's claims against Defendant Self Help as alleged are insufficient to withstand a motion to dismiss and, even if properly plead, are barred by res judicata and/or collateral estoppel.

    A.    *The Section 1983 claims against Defendant Self must be dismissed as a matter of law because it is not a state actor.*

To assert a colorable claim under 42 U.S.C. § 1983, a plaintiff must allege two things: "(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)(internal citation omitted). Plaintiff fails to allege that Defendant Self Help or its employees acted under color of state law, which is an essential element required to assert a claim under 42 U.S.C. § 1983.

As Your Honor noted in your Order to Amend dated August 3, 2018, Self Help is a private actor that does not work for any state or other governmental body. *See* Exhibit B, pgs. 4-5. Within the Order, Your Honor referenced the Plaintiff's prior 2010 action against Self Help and acknowledged that the action was dismissed due to Self Help's status a private entity. *See* Vivar v. Self Help Community Services, No. 10-CV-2275 (LAP) (S.D.N.Y. Mar. 15, 2010). Based on

7

the determinations in the 2010 Vivar matter, Your Honor noted within the Order to Amend that Self Help is not a private actor for purposes of a claim under 42 U.S.C. § 1983 and that Plaintiff is aware of same. *See* Exhibit B, pgs. 4-5. In light of this Court's prior decision, the issue of whether Self Help is a private entity has already been litigated and Defendant Self Help was found to be a private entity for purposes of a claim under 42 U.S.C. § 1983.

"The doctrine of res judicata, otherwise known as claim preclusion, prevents parties from re-litigating issues in subsequent litigation that were or could have been litigated in a prior action." Young v. Suffolk Cty., 705 F. Supp. 2d 183, 210 (E.D.N.Y. 2010). Alternatively, "collateral estoppel bars relitigation of an issue when (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action." Id. Here, plaintiff's assertion that Self Help is a state actor has previously been adjudicated and is therefore precluded under the doctrines of res judicata and collateral estoppel. Therefore, plaintiff's clam under 42 U.S.C. § 1983 should be barred by res judicata and/or collateral estoppel and the Amended Complaint be dismissed in its entirety as against Defendant Self Help.

In any event, plaintiff's Amended Complaint is devoid of any allegations that Self Help's actions are fairly attributable to the state. Under New York law, "to establish that a private actor was acting under color of state law, plaintiff must show that: (1) the individual was subjected to the coercive power of the state or otherwise controlled by the state; (2) the conduct occurred in "joint action" or "close nexus" with the state; or (3) the individual was performing a public function traditionally and exclusively exercised by the state. *See* McGugan v. Aldana-Bernier, 752 F.3d 224, 229 (2d Cir. 2014). "The fundamental question under each test is whether the private entity's

challenged actions are 'fairly attributable' to the state." Fabrikant v. French, 691 F.3d 193, 207 (2d Cir. 2012)(*quoting* Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982)).

Plaintiff's Amended Complaint makes no such allegations against Self Help. There is nothing in the "facts" as set forth by Plaintiff suggesting that the actions by Defendant Self Help or its employees were controlled by the state, occurred in "joint action" or close nexus" with the state, or were part of a public function traditionally controlled by the state. Thus, there is no basis for finding that the actions of Defendant Self Help are "fairly attributable" to the state. *See* Sawabini v. McGrath, 2017 U.S. Dist. LEXIS 137896, 2017 WL 3727370, at *5 (N.D.N.Y. Aug. 28, 2017) (dismissing plaintiff's claim under Section 1983 on the basis that they are private individuals who did not act under the color of state law).

As a final matter, private employers are not vicariously liable under §1983 for the constitutional torts of their employees "absent allegations of conduct pursuant to an official policy." Dilworth v. Goldberg, 914 F.Supp.2d 433, 452 (S.D.N.Y. 2012); *see* Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978). Conclusory allegations that a policy, practice or custom exists are not sufficient to survive a 12(b)(6) motion. *See* Pizarro v. City of New York, 2015 WL 5719678 (E.D.N.Y. Sept. 29, 2015). Rather, a plaintiff must add specific factual support to show the existence of a pattern. *See* Swinton v. City of New York, 785 F.Supp.2d 3, 10 (E.D.N.Y. 2011).

A "policy" exists if there is a written directive or regulation, or an act by an employee with policymaking authority. *See* Cerbelli v. City of New York, 600 F.Supp.2d 405, 410 (E.D.N.Y. 2009). A "custom" exists if the practice is so widespread and permanent as to have the force of law. Id. The "policy or custom" requirement "is intended simply to distinguish acts of the municipality from acts of its employees, in order that municipal liability be limited to conduct for

9

which the municipality is actually responsible." Id. A single incident alone is insufficient to raise an inference of the existence of a custom, policy or practice. See Thomas v. City of New York, 2015 WL 9412543, *5 (E.D.N.Y. Dec. 22, 2015).

Pursuant to the aforementioned precedent, the allegations in plaintiffs Amended Complaint are insufficient to state a claim. That are no allegations of an official Self Help policy, nor any allegations of a practice or custom on behalf of Self Help to show a pattern on its behalf. For such reasons, plaintiff cannot maintain a claim against Self Help under §1983 for any constitutional torts of their employees, which we hereby deny exist.

### B. *This Court Should Decline to Exercise Supplemental Jurisdiction over any State Law Claims set forth by Plaintiff*

Plaintiff vaguely alleges on page two of the Amended Complaint that he has other "pendent state claims." (Am. Compl. 2.) In the event all federal claims are dismissed in this action, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. See Eyeghe v. Thierry, 2014 U.S. Dist. LEXIS 147071, 2014 WL 5242605 at *2 (S.D.N.Y. Oct. 15, 2014)(Supreme Court and the Second Circuit have held, as a general rule, "when the federal claims are dismissed the 'state claims should be dismissed as well.'")(internal citations omitted).

Even if some federal claims do remain at the close of motion practice, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Self Help because Plaintiff does not describe the basis for these state claims. See Bender v. City of New York, 2011 U.S. Dist. LEXIS 103947, 2011 WL 4344203, at *1 (S.D.N.Y. Sept. 14, 2011)(where Plaintiffs state law claims were particularly confusing and vague as to which events form a basis for which cause of action, Court "cannot find any of Plaintiff's claims to properly fall under our supplemental jurisdiction").

For such reasons, this Court should dismiss this action in its entirety as against Defendant Self Help, inclusive of any state claims.

## **CONCLUSION**

For the reasons set forth above, this Court should grant the within motion for an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure thereby dismissing plaintiff's Amended Complaint in its entirety and with prejudice as it relates to Defendant Self Help and grant any other such relief as deemed just and proper.