UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
FELIPE F. VIVAR,

                                        Plaintiff,

              -against-

CITY OF NEW YORK, ANGEL BUSSUE,                    Civil Action No:  18CV5987 (VSB)
JOHN DOE HRA EMPLOYEE #1,
JOHN DOE POLICE OFFICERS #1-18,
JOHN DOE SECURITY GUARDS #1-4,
JOHN DOE PARAMEDICS #1-2,
NEW YORK PRESBYTERIAN HOSPITAL,
DINO DIAZ, VALERIE SOTO, RIVAS SEARS,
GRACIE SQUARE HOSPITAL and
DR. REBECCA KASTOPOULOUS,

                                        Defendants.

-----------------------------------------------------------------------X


**MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION
AND IN FURTHER SUPPORT OF DEFENDANT SELFHELP
COMMUNITY SERVICE, INC.S' PRE-ANSWER MOTION TO DISMISS**



                              Submitted By:

                              Dana M. Ricci, Esq.
                              LITCHFIELD CAVO LLP
                              420 Lexington Avenue, Suite 2104
                              New York, NY 10170
                              (212) 434-0100
                              File No: 5339-4
                              *Attorney for Defendants*
                              *Dino Diaz, Valerie Soto, Rivas Sears and*
                              *Selfhelp Community Service, Inc.*

Defendant Selfhelp Community Service, Inc. (hereinafter "Self Help") respectfully submits this Memorandum of Law in reply to plaintiff's opposition and in further support of its pre-answer motion to dismiss Plaintiff's Amended Complaint under the Federal Rules of Civil Procedure.

### A. Plaintiff's Opposition Papers are devoid of any arguments or evidence that Defendant Self Help was a state actor as required to plaintiff a claim under Section 1983

As set forth within our Memorandum of Law in Support, to assert a colorable claim under 42 U.S.C. § 1983, a plaintiff must allege two things: "(1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)(internal citation omitted).

To establish that a private actor was acting under color of state law, plaintiff must show that: (1) the individual was subjected to the coercive power of the state or otherwise controlled by the state; (2) the conduct occurred in "joint action" or "close nexus" with the state; or (3) the individual was performing a public function traditionally and exclusively exercised by the state. See McGugan v. Aldana-Bernier, 752 F.3d 224, 229 (2d Cir. 2014).

Plaintiff's Amended Complaint failed to set forth any allegations that Defendant Self Help acted under color of state law. As noted above, this is an essential element required to assert a claim under 42 U.S.C. § 1983 and the absence of this element is fatal to the claim. In opposition, plaintiff failed to offer any additional evidence or argument that Defendant Self Help acted under color of state law.

Therefore, it is our unopposed position that Defendants, Dino Diaz, Valerie Soto and Rivas Sears, were not acting under the color of state law in performing their tasks and obligations as employees for the private entity, Defendant Self Help. For such reasons, plaintiff's claim under 42 U.S.C. § 1983 must be dismissed as a matter of law.

As a final matter, plaintiff's opposition improperly references respondeat superior as a basis for maintaining a claim against Defendant Self Help under 42 U.S.C. § 1983. It is well-established that the doctrine of respondeat superior does not apply to claims arising under 42 U.S.C. § 1983. *See* Dove v. City of New York, 2005 WL 2387587, *4 (E.D.N.Y., September 28, 2005). Therefore, Defendant Self Help cannot be held vicarious liable for the actions or inactions of its employees for purposes of the cause of action asserted by plaintiff under § 1983.

**B.      *This Court Should Decline to Exercise Supplemental Jurisdiction over any State Law Claims set forth by Plaintiff***

Within plaintiff's opposition, instead of arguing the validity of any federal claims, plaintiff provides further detail on his vaguely alleged "pendent state claims" asserted on page two of the Amended Complaint. (Am. Compl. 2.) His efforts are simply misplaced. This is not the correct forum to pursue an action based solely on state claims. *See* Eyeghe v. Thierry, 2014 WL 5242605 at *2 (S.D.N.Y. Oct. 15, 2014)(Supreme Court and the Second Circuit have held, as a general rule, "when the federal claims are dismissed the 'state claims should be dismissed as well."')(internal citations omitted).

Plaintiff's opposition papers offer no legal argument as to why state claims should be allowed to proceed in this Federal Court. Furthermore, plaintiff's request specifically contradicts the applicable procedural law. According to 28 U.S.C. § 1367(a), District Courts, such as is the case here, shall only have supplemental jurisdiction over other claims related to the federal claims

providing the Court with original jurisdiction. As there are no valid federal claims against Defendant Self Help, any possible state law claims against it should be dismissed as well.

In the event some federal law claims remain against other defendants at the close of motion practice, i.e. the City of New York, this Court has authority to dismiss state law claims against Defendant Self Help where state law claims would predominate the remaining federal law claims against a co-defendant. *See* 28 U.S.C. § 1367(c)(2). Furthermore, there is no overlap between the state law claims against Defendant Self Help and any federal claims that may remain against the City of New York.

Plaintiff attempts to argue that the New York Police Department were acting as agents of the Defendant Self Help because its employees instigated his arrests for the purpose of confining him. However, this argument contradicts the evidence as offered by plaintiff himself.

We refer the Court to plaintiff's Amended Complaint. Within same, plaintiff makes absolutely no allegations that Defendant Self Help or its employees attempted to utilize the police as its agents. Rather, plaintiff alleges that, on June 2, 2018, Self Help employees purportedly called the police who brought him to NYPH where he was involuntarily confined for one day. (Am. Compl. ¶¶ 12-22). Similarly, on August 3, 2018, the Self Help employees once again contacted the police, who thereafter removed plaintiff from his apartment and brought him to NYPH for a second time. (Id. ¶ 29-33.)

Based on plaintiff's own allegation, on both occasions, the calls to 9-1-1 did not result in plaintiff being falsely arrested or imprisoned; rather, plaintiff was merely transported to the hospital for one day of medical treatment. Moreover, plaintiff offers no evidence that Defendant Self Help, or its employees, intended to or succeeded in persuading or influencing the police to arrest plaintiff under false pretenses. Without any evidence of persuasion or influence to support

4

such allegations, the Appellate Courts have upheld dismissals of plaintiff's claim. *See* <u>Carrington v. City of New York</u>, 201 A.D.2d 525, 526–27 (2d Dept. 1994).

In light of the above, there is simply no valid legal basis for plaintiff to maintain the state based causes of action he improperly purports to allege in his opposition papers. For such reasons, Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss this action in its entirety as against Defendant Self Help, inclusive of any state claims.

**C.      *Plaintiff failed to state a claim for false imprisonment, intentional or negligent infliction of emotional distress, medical malpractice, battery or assault***

Within his opposition, plaintiff names six causes of action that he failed to set forth within his Complaint. The opposition papers are completely devoid of any good faith basis for failing to properly plead these causes of action in his Amended Complaint, nor does plaintiff request leave to amend his pleadings to assert same. Furthermore, plaintiff failed to offer any allegations that Defendant Self Help committed acts or omissions sufficient to fulfill the required elements of each cause of action alleged. For such reasons, plaintiff's has not adequately pleaded any state claims that would survive a motion to dismiss or a motion for summary judgment in the event such claims were allowed to be held in this forum.

## CONCLUSION

For the reasons set forth above, this Court should grant the within motion for an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure thereby dismissing plaintiff's Amended Complaint in its entirety and with prejudice as it relates to Defendant Self Help and grant any other such relief as deemed just and proper.

TO:    **VIA ECF, CERTIFIED MAIL-RETURN**
          **RECEIPT REQUESTED AND**
          <u>**FIRST CLASS MAIL**</u>

          Felipe F. Vivar
          804 West 180th Street, Apt. 31
          New York, NY 10033
          (646) 850-0115
          *Pro Se Plaintiff*

          <u>**VIA ECF**</u>

          Zachary W. Carter
          Corporation Counsel of City of New York
          Senior Counsel
          Special Federal Litigation Division
          New York City Law Department
          100 Church Street
          New York, NY 10007
          (212) 356-3534
          *Attorney for Defendants*
          *City of New York, Angel Bussue*

          Gregory John Radomisli
          Martin Clearwater & Bell, LLP
          220 East 42nd Street, 13th Floor
          New York, NY 10017
          (212) 916-0923
          Fax: 212-949-7054
          *Attorney for Defendant*
          *New York Presbyterian Hospital*

          Vincent Leonard Gallo, Jr.
          Heidell Pittoni Murphy & Bach, LLP
          99 Park Avenue
          New York, New York 10016
          Tel: (212) 286-8585
          Fax: (212) 490-8966
          *Attorney for Defendants*
          *New York Gracie Square Hospital,*
          *Inc. s/h/a "New York Presbyterian*
          *Hospital: Gracie Square Hospital"*
          *And Rebecca Kostopoulos s/h/a*
          *"Dr. Rebecca Kastopoulos"*