

| | THE CITY OF NEW YORK | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | *AMATULLAH K. BOOTH*<br>Senior Counsel<br>*Tel.: (212) 356-3534*<br>*Fax: (212) 356-3509*<br>*abooth@law.nyc.gov* |

June 3, 2020

**BY ECF**
Honorable Vernon S. Broderick
United States District Courthouse
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> **APPLICATION DENIED**
> **SO ORDERED**
> **VERNON S. BRODERICK**
> **U.S.D.J.** 6/7/2020
>
> Defendants' request for a stay is denied. However, the parties are granted a 60-day extension of their deadline to submit their joint letter and case management plan. The Clerk of Court is respectfully directed to send a copy of this endorsement to the pro se Plaintiff.

Re: Felipe Vivar v. City of New York, et al.
18 CV 5987 (VSB)

Your Honor:

   I am the attorney in the office of James E. Johnson, Corporation Counsel of the City of New York, assigned to the defense of the above referenced matter. Defendants City of New York and Angel Bussue respectfully request that the Court stay the present civil proceeding in its entirety for ninety (90) days, in lieu of filing a proposed case management plan and joint letter, in light of the recent developments surrounding the COVID-19 pandemic. Plaintiff consents to this application, also Doreen Dufficy, Counsel for New York Presbyterian Hospital: Gracie Square Hospital and Dr. Rebecca Kastopoulous, Gregory J. Radomisli, Counsel for New York Presbyterian Hospital, and Dana M. Ricci, Counsel for Selfhelp Community Services, Valerie Soto, Rivas Sears, and Dino Diaz all consent to this application.

   By way of background, Plaintiff alleges in the Amended Complaint that, *inter alia*, he was wrongfully taken to the hospital for a mental health evaluation on two separate occasions, by members of the New York City Police Department ("NYPD). (See Amended Complaint, Docket Entry No. 7). Plaintiff names the City of New York, the New York City Police Department, a Human Resources Administration ("HRA") representative, members of New York Presbyterian Hospital ("NYPH"), and various members of the non-profit organization Self-Help Community Services ("Self Help"), as defendants.

   As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13,

2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well.

That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 138, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable. Also on March 13, 2020, the Southern District issued Standing Order 20 MISC 015, which suspended and tolled service of process requirements and deadlines. On March 16, 2020, the Southern District issued a Revised Standing Order that further limited access to courthouses.

On March 20, 2020, Governor Andrew Cuomo issued an executive order mandating that all non-essential businesses in New York State close, and that New York residents stay inside their homes unless participating in an essential activity. Also on March 20, 2020, the Southern District issued a memorandum to the Bar that set forth additional emergency protocols, including limitations on courtroom use and operations for both criminal and civil matters. To comply with Governor Cuomo's latest executive order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and the further spread of COVID-19, the New York City Law Department is requiring that the vast majority of its employees work from home.

Of course, working from home creates a number of challenges that directly impact litigation. For example, corresponding with *pro se* plaintiffs is particularly difficult in the context of a work from home situation, because the normal course of communication with these individuals is through regular mail. Defendants are not physically present to receive mail sent to the office, and therefore are unable to reliably receive correspondence from *pro se* plaintiffs. Moreover, working from home also complicates sending correspondence to *pro se* plaintiffs.

Working from home also creates complications in regards to coordinating and taking depositions. The logistical challenges of arranging for remote depositions are always significant, and are further exacerbated by the added difficulty of having multiple parties join remotely from multiple locations, as well as the added difficulty of managing parties' different technological capabilities. Preparing witnesses for depositions remotely is also logistically challenging, particularly when it comes to the review of documents, many of which may not be saved in formats that are easily shared via electronic means. Moreover, conducting a deposition remotely simply fails to be an adequate substitute for an in-person deposition; courts in this Circuit have repeatedly recognized that "an in-person deposition is also preferable in terms of ensuring the accuracy of the depositions and interpretations" of testimony, *Memory Film Prods. v. Makara*, No. 05 Civ. 3735, 2007 U.S. Dist. LEXIS 34110, at *10 (E.D.N.Y. May 9, 2007), and is not a solution when "testimony is being preserved for trial," as "it is important to have counsel present so that the examination most closely approximates that which would occur in the courtroom." *In re Fosamax Prods. Liab. Litig.*, 06 MD 1789 (JFK) (JCF), 2009 U.S. Dist. LEXIS 27209, at *30 (S.D.N.Y. Mar. 4, 2009) (collecting cases); *see also Gagasoules v. MBF Leasing LLC*, 08 Civ. 2409 (ADS) (ARL), 2009 U.S. Dist. LEXIS 119001 (E.D.N.Y. Dec. 22, 2009) (finding remote deposition unfeasible given "legitimate concern about viewing the plaintiffs' demeanor"); *see also Petaway v. Osden*, 17 Civ. 0004 (VAB), 2018 U.S. Dist. LEXIS 36484, at *9 (D. Conn.

Mar. 5, 2018) (remote deposition insufficient where plaintiff's credibility played essential role in the case").

As another example, working from home creates accessibility problems in regards to documents and files. Although some documents can be easily accessed remotely by electronic means, many documents and files cannot be so accessed, because of variables such as format or size.  This inaccessibility prevents defendants from having all the information necessary to, *inter alia*, fully assess cases, respond to plaintiff's demands, and otherwise conduct regular business. Specifically in this action, the City Defendants obtained body-worn camera footage of the two incidents that are at issue in the Amended Complaint that they believe would be dispositive in this case, for not only the City Defendants but also possibly some of the other co-defendants. However, the video files are large and currently cannot be produced to the parties electronically or provided to Court, in connection with the City Defendants' anticipated motion to dismiss. Furthermore, it was brought to our attention that co-defendant New York Presbyterian Hospital has experienced difficulty accessing Plaintiff's medical records due to the current pandemic.

Finally, the agency defendants that must regularly communicate and coordinate with, *e.g.*, the New York City Police Department ("NYPD"), are facing these same communication and access challenges as they pursue compliance with Governor Cuomo's executive order and seek to protect the health and safety of the individuals in their organizations.  These challenges have already made the fulfillment of document and information requests delayed or impracticable.  Such delays and problems are expected to continue until individuals are allowed to return to their offices.

For the reasons set forth above, this Office respectfully requests that the Court grant a stay of the instant litigation for ninety (90) days in light of the developing situation surrounding COVID-19.  This will give this Office the time and opportunity needed to adjust to these new circumstances.

Thank you for your consideration.

                                              Respectfully submitted,

                                              /s/
                                          _____

                                          AMATULLAH K. BOOTH
                                          Senior Counsel
                                          Special Federal Litigation Division
                                          cc:

To:    <u>VIA U.S. MAIL</u>
        Felipe F. Vivar
        804 West 180th Street
        Apt. 31
        New York, NY 10033
        *Pro Se Plaintiff*

- 4 -

VIA ECF
Christopher Allen McLaughlin
Dana M. Ricci, Esq.
Litchfield Cavo, LLP (NYC)
*Counsel for Selfhelp Community Services,*
*Valerie Soto, Rivas Sears, and Dino Diaz*
420 Lexington Avenue
Suite 2104
New York, NY 10170

Gregory John Radomisli
Martin Clearwater & Bell LLP (NYC)
*Counsel for New York Presbyterian Hospital*
220 East 42nd Street, 13th Floor
New York, NY 10017

Daryl Paxson
Doreen Dufficy
Vincent Leonard Gallo, Jr.
Heidell, Pittoni, Murphy & Bach, LLP (WP)
*Counsel for New York Presbyterian Hospital:*
*Gracie Square Hospital and Dr. Rebecca Kastopoulous*
81 Main Street
White Plains, NY 10019