UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
:
FELIPE F. VIVAR, :
:
                    Plaintiff, :
:
       -against- :
:
CITY OF NEW YORK et. al., : 18-CV-5987 (VSB)
:
                Defendants. : **ORDER**
:
----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/11/2021

Vernon S. Broderick, United States District Judge:

On January 5, 2021, pro se Plaintiff filed a letter requesting 1) pro bono counsel; 2) an extension of time to complete discovery; and 3) referral to a magistrate judge. Plaintiff's requests are DENIED in part and GRANTED in part.

I. **Plaintiff's Request for Pro Bono Counsel**

The Court requests that the Clerk of Court seek pro bono counsel to enter a limited appearance for the purpose of conducting certain document discovery and deposition in the above-captioned action. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

    A. *Legal Standard*

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis*

statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989).  Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving.  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel.  802 F.2d at 61–62.  Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*.  The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61.  I f these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).  In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion.  *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Rather, each application must be decided on its own facts.  *See Hodge*, 802 F.2d at 61.

    B.  Discussion

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. (*See* Order dated July 25, 2018, Doc. 3.) Plaintiff therefore qualifies as indigent.

In the complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 as well as various state law claims, alleging that, on two separate occasions, police officers entered his home without a warrant; Plaintiff alleges he involuntarily committed after both incidents. (Doc. 2.). Defendants filed a motion to dismiss, and the following claims survive: (1) Plaintiff's battery claim against New York Presbyterian Hospital; (2) Plaintiff's false arrest, medical malpractice and battery claims against New York Gracie Square Hospital; (3) Plaintiff's tort claims against Self Help Community Services; and (4) Plaintiff's 1983 and tort claims against Self Help employees Diaz and Sear. The Court finds that Plaintiff's claim is "likely to be of substance." *Hodge*, 802 F.2d 61-62. The Court finds that the other *Hodge* factors also weigh in favor of granting Plaintiff's application. Plaintiff has indicated that he has a learning disability and chronic illness that has impacted his ability to meet the discovery deadlines in this case. In order to prove his case and further this litigation, Plaintiff will require discovery. Based on the parties' submissions to date, Plaintiff will have to respond to a number of discovery requests and review potentially voluminous responded to his own requests. In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61. The Court will request that counsel appear for the limited purpose of assisting Plaintiff with responding to outstanding discovery requests. In addition, pro bono counsel may engage in settlement discussions.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case. The Pro Bono Fund is

especially intended for attorneys for whom pro bono service is a financial hardship.  *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

Pro bono counsel will not be obligated for any aspect of Plaintiff's representation beyond the matters described in this order.  In particular, pro bono counsel will not be required to respond to a dispositive motion.  In the event that the defendant(s) file(s) a dispositive motion, pro bono counsel may seek appropriate relief, including an extension of Plaintiff's time to respond, or an expansion of pro bono counsel's role to include responding to the motion.  Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Plaintiff will end upon completion of discovery.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Plaintiff or to the Court in this matter.

## II.   Plaintiff's Remaining Requests

Plaintiff also requests an extension of time to complete discovery and a referral of this matter to the Magistrate Judge.  Plaintiff's request for an extension of time to compete discovery is GRANTED.  The parties are directed to meet and confer regarding an extension of the remaining discovery deadlines.  The parties shall submit a joint letter providing revised deadlines on or before January 25, 2021.  Lastly, because there are currently no disputes ripe for adjudication by the Magistrate Judge, Plaintiff's request for referral is DENIED at this time.

## III.   CONCLUSION

For the foregoing reasons, the Court requests that pro bono counsel be appointed to represent Plaintiff for the limited purposes described above.   Therefore, the Office of Pro Se Litigation is instructed to request and search for the services of a pro bono attorney.

The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff.  If an attorney volunteers, the attorney will contact Plaintiff directly.  There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case without an attorney.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk's Office is directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

Dated:	January 11, 2021
	New York, New York

_____
Vernon S. Broderick
United States District Judge